OPINION OF THE COURT
 

 Ciparick, J.
 

 In this wrongful death action for injuries suffered when plaintiffs’ decedent was struck by a police car driven by defen
 
 *555
 
 dant Officer Michael H. Pilat, the issue is whether defendant’s conduct in driving the automobile rose to the level of "reckless disregard” for the safety of others required by Vehicle and Traffic Law § 1104 (e) to impose liability upon drivers of emergency vehicles. We agree with the Appellate.Division that it did not.
 

 At dusk, around five o’clock on the afternoon of December 7, 1992, plaintiffs’ decedent Eric Szczerbiak, aged 16, suffered fatal injuries when he was struck by Officer Pilat’s patrol car. At the time, Eric and another boy were riding bicycles and attempting to cross Dick Road, in the Town of Cheektowaga, in Erie County. They entered Dick Road midblock, from a parking lot driveway, rather than from an intersection. As they crossed, Eric appeared to have been either pedaling slowly or pushing himself along with his feet, although there was testimony at trial that Eric darted in front of Officer Pilat’s patrol car.
 

 At the time of the accident, Officer Pilat was responding to a police dispatch report of five males fighting in St. Mary’s Cemetery a few miles away. From the point where Officer Pilat received the police dispatch at the intersection of George Urban Boulevard and Dick Road, the distance to the site of the accident was approximately 800 feet. Officer Pilat testified that upon receiving the dispatch, he made a right-hand turn onto Dick Road, into the rightmost lane. He further testified that, since there was traffic in the passing lane, he did not immediately engage his emergency lights or siren, because drivers are trained to pull over to the right at the sound of a siren and he thus feared that a driver might inadvertently collide with him. Instead he accelerated past the drivers in the passing lane, and then pulled into the passing lane himself with the intention of activating his emergency lights and siren. Officer Pilat testified that he did not have his siren on at the time of the impact, and he appears to have struck Eric while glancing down from the road momentarily to turn on his emergency lights and headlights.
 

 Defendants’ expert testified that the vehicle was traveling at not more than 39 miles per hour at the moment of impact, although plaintiffs’ witness described Officer Pilat’s car as travel-ling at "55, maybe faster.” Officer Pilat testified that he did not see Eric until after the accident, when he was lying on the ground. Officer Pilat brought his vehicle to a controlled stop some 180 feet beyond the point of impact, leaving no skid marks.
 

 
 *556
 
 Based, on these facts, Supreme Court dismissed the complaint and the Appellate Division affirmed. In a memorandum opinion, the Appellate Division reasoned that under the standard of "reckless disregard” announced by this Court in
 
 Saarinen v Kerr
 
 (84 NY2d 494), even viewed in the light most favorable to plaintiffs, the proof provided at trial was insufficient as a matter of law to cause liability to attach to defendants. The court emphasized that more than " 'a momentary judgment lapse’, such as the officer’s momentarily looking down, is required to satisfy the 'reckless disregard’ test”
 
 (Szczerbiak v Pilat,
 
 229 AD2d 977, 977-978, quoting
 
 Saarinen v Kerr, supra,
 
 at 502). Two Justices dissented and voted to reverse, arguing that, viewing the proof in the light most favorable to plaintiffs, there was sufficient evidence of recklessness on the part of Officer Pilat to permit the issue of liability to be determined by the jury.
 

 A trial court’s grant of a CPLR 4401 motion for judgment as a matter of law is appropriate where the trial court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the non-moving party
 
 (see, Blum v Fresh Grown Preserve Corp.,
 
 292 NY 241). In considering the motion for judgment as a matter of law, the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant
 
 (cf., Cohen v Hallmark Cards,
 
 45 NY2d 493, 499 [holding that standard of review in assessing motion for judgment notwithstanding the verdict is whether there is "simply no valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion reached by the jury on the basis of the evidence presented at trial”]). Applying this standard, the trial court properly granted defendants’ motion, finding that no liability would attach to this emergency vehicle driver and his employer.
 

 Vehicle and Traffic Law § 1104 grants drivers of "authorized emergency vehicles” a qualified privilege to disregard the ordinary rules of prudent and responsible driving.
 
 (See,
 
 Vehicle and Traffic Law § 1104 [a], [b] [providing that driver of authorized emergency vehicle may, among other things, drive through red traffic lights and stop signs and drive over speed limit].) Notwithstanding this privilege, section 1104 (e) of the statute provides that "[t]he foregoing provisions shall not relieve the driver of an authorized emergency vehicle from the
 
 *557
 
 duty to drive with due regard for the safety of all persons, nor shall such provisions protect the driver from the consequences of his reckless disregard for the safety of others” (Vehicle and Traffic Law § 1104 [e]). This "reckless disregard” standard of liability was interpreted and applied by this Court in the companion decisions of
 
 Campbell v City of Elmira
 
 (84 NY2d 505) and
 
 Saarinen v Kerr
 
 (84 NY2d 494,
 
 supra).
 
 In
 
 Saarinen,
 
 we equated "reckless disregard” with the well-established tort concept of recklessness, which we defined as the conscious or intentional doing of an act of an unreasonable character in disregard of a known or obvious risk so great as to make it highly probable that harm would follow, and done with conscious indifference to the outcome
 
 (Saarinen v Kerr, supra,
 
 at 501;
 
 accord, Campbell v City of Elmira, supra,
 
 at 510). This is not to say that in a proper case, the question of defendant’s "recklessness” may not properly be put before a jury.
 

 In the instant case, however, the Trial Judge was correct in not permitting the issue of liability to go before the jury. It can by no means be said that the risk which Officer Pilat took in accelerating down Dick Road was unreasonable, especially in light of his duty to respond to the report of five males engaged in a melee, or that he had created a great risk of probable harm by driving 800 feet before attempting to engage his emergency lights and siren. When Officer Pilat did glance down from the road to activate his emergency lights, there was no pedestrian traffic in sight and he was several blocks from the next intersection
 
 (cf., Campbell v City of Elmira,
 
 84 NY2d 505,
 
 supra
 
 [holding that driver of fire truck may have been reckless when he drove through red traffic light, without using siren, horn or flashing lights]). At any rate, even if Officer Pilat were negligent in glancing down, this "momentary judgment lapse” does not alone rise to the level of recklessness required of the driver of an emergency vehicle in order for liability to attach
 
 (see, Saarinen v Kerr, supra,
 
 at 502).
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine and Wesley concur.
 

 Order affirmed, with costs.