■ CHANTEL CARRACIA, Respondent, v ALLSTATE INSURANCE COMPANY, Appellant. [758 NYS2d 671] —In an action, inter alia, to recover insurance proceeds for the theft of an automobile, the defendant appeals from a judgment of the Supreme Court, Suffolk County (Oliver, J.), entered November 21, 2001, which, upon granting the plaintiff's motion pursuant to CPLR 4401 for judgment in her favor as a matter of law at the close of the evidence at a jury trial, is in favor of the plaintiff and against it.

Ordered that the judgment is reversed, on the law, the motion is denied, and a new trial is granted, with costs to abide the event.

Viewing the evidence in the light most favorable to the defendant Allstate Insurance Company (hereinafter Allstate) (*see Szczerbiak v Pilat,* 90 NY2d 553, 556 [1997]), it cannot be said that there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to conclude that the plaintiff did not sustain the loss that she claimed (*see Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]).

It is undisputed that the subject vehicle was involved in an accident while owned by its prior owner. As a result of that accident, the vehicle was deemed a "total loss" with an estimated salvage value of $5,949. Nevertheless, by invoice dated May 25, 1997, admitted in evidence at the trial, the plaintiff purportedly purchased the vehicle for $14,000 plus tax.

It appears that the vehicle sold to the plaintiff and the vehi-

cle produced for inspection when Allstate issued the policy may not have been the same car, since their odometer readings, rear lights, and rims were different. Further, in her sworn proof of loss, the plaintiff falsely denied that the car was rebuilt. At the trial, she claimed that misrepresentation was an honest mistake, since her father purchased the car for her and rebuilt it without her knowledge. This claim, which was contradicted by the invoice stating that she purchased the car, presented an issue of fact for the jury.

In view of the foregoing, the plaintiff was not entitled to judgment as a matter of law, and Allstate is granted a new trial. S. Miller, J.P., Goldstein, McGinity and Mastro, JJ., concur.