■ SUZANNE HAND, Respondent, v BENJAMIN PRINCE FIELD V, Appellant. [790 NYS2d 681]—

In an action to recover a down payment on a contract for the sale of real property, the defendant appeals from a judgment of the Supreme Court, Suffolk County (Dunn, J.), entered August 27, 2003, which, upon the granting of the plaintiff's motion pursuant to CPLR 4401 for judgment as a matter of law, made at the close of the evidence, is in favor of the plaintiff and against him in the principal sum of $20,000 as and for damages, the sum of $27,750 as and for an attorney's fee, and in the sum of $2,395 as and for costs.

Ordered that the judgment is modified, on the facts and as a matter of discretion, by deleting from the second decretal paragraph thereof the words "TWENTY-SEVEN THOUSAND SEVEN HUNDRED FIFTY ($27,750)," and substituting therefor the words "TWELVE THOUSAND ($12,000)," and by deleting the third and fifth decretal paragraphs thereof; as so modified, the judgment is affirmed, with costs to the appellant, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of an amended judgment in accordance herewith.

A motion for judgment as a matter of law pursuant to CPLR 4401 may be granted when the trial court determines that, upon the evidence presented, there is no rational process by which a jury could find in favor of the nonmoving party (*see Szczerbiak v Pilat,* 90 NY2d 553, 556 [1997]; *Xenakis v Vorilas,* 166 AD2d 586, 586-587 [1990]). In considering such a motion, "the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (*Szczerbiak v Pilat, supra* at 556; *Xenakis v Vorilas, supra* at 586-587). Contrary to the defendant's contention, viewing the facts in the light most favorable to the defendant, the evidence adduced at trial was sufficient to establish a prima facie case for the return of the down payment.

The plaintiff's letter, dated April 1, 1999, which unequivocally stated the date by which the defendant had to transfer title, effectively made time of the essence and required the defendant to transfer title to the property to the plaintiff by April 7, 1999 (*see Sohayegh v Oberlander,* 155 AD2d 436, 438 [1989]). The plaintiff's demand for performance was reasonable, since the defendant had requested a 30-day adjournment to April 7, 1999, in order to clear all title defects to the property (*see Zev v Merman,* 73 NY2d 781, 783 [1988]).

The Supreme Court correctly ruled that April 7, 1999, was the date of performance, rather than a new on-or-about date for

the closing. "When the closing has been adjourned from time to time to specified dates, the purchaser is entitled to insist upon performance at the time finally appointed and is not bound to wait longer in order that difficulties or incumbrances affecting the title might be removed" (3 Warren's Weed, New York Real Property, Contracts § 11.04 [4] [4th ed]).

Pursuant to paragraph 25 of the contract rider, the plaintiff, as the prevailing party, is entitled to an award of reasonable attorney's fee and "the costs and disbursements" she incurred in the course of litigation involving the down payment. Counsel for the plaintiff submitted an affidavit in which he itemized various tasks he performed in the course of the instant litigation. He requested a total of $27,750 as an attorney's fee, and the Supreme Court awarded him that amount. In doing so, the Supreme Court erred, as the affidavit contained an arithmetic error. The total amount documented in counsel's affidavit was $25,750, which is $2,000 less than the amount the counsel requested, and the Supreme Court awarded. Even the amount claimed by counsel, however, was excessive. We have independently reviewed the amount of time counsel stated he devoted to the various listed tasks, and we conclude that on this record, a more appropriate attorney's fee is $12,000.

In addition, the Supreme Court awarded the plaintiff $2,395 "representing costs incurred for counsel fees, engineering fees, survey, and architecture costs *in connection with the contract.*" The latter costs are not costs associated with this litigation. There is nothing in the parties' contract which authorized imposing those particular costs on the defendant. Accordingly, we delete the foregoing award from the judgment.

The defendant's remaining contentions are without merit. H. Miller, J.P., Mastro, Rivera and Lifson, JJ., concur.