■ Boris Jourbine, Respondent, v Ma Yuk Fu, Appellant. [889 NYS2d 92]—In an action to recover damages for personal injuries, the defendant appeals, by permission, from an order of

the Appellate Term for the Second, Eleventh, and Thirteenth Judicial Districts, dated July 30, 2008, which affirmed a judgment of the Civil Court, Queens County (Raffaele, J.), entered August 10, 2006, which, upon a jury verdict, and upon the denial of the defendant's oral application pursuant to CPLR 4401 for judgment as a matter of law for the plaintiff's failure to establish a prima facie case, is in favor of the plaintiff and against the defendant in the principal sum of $25,000.

Ordered that the order is reversed, on the law, with costs, the judgment is vacated, the defendant's oral application pursuant to CPLR 4401 for judgment as a matter of law for the plaintiff's failure to establish a prima facie case is granted, and the complaint is dismissed.

"A motion for judgment as a matter of law pursuant to CPLR 4401 or 4404 may be granted only when the trial court determines that, upon the evidence presented, there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury upon the evidence presented at trial, and no rational process by which the jury could find in favor of the nonmoving party" (*Tapia v Dattco, Inc.*, 32 AD3d 842, 844 [2006]; *see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]). In considering such a motion, " 'the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant' " (*Hand v Field*, 15 AD3d 542, 543 [2005], quoting *Szczerbiak v Pilat*, 90 NY2d at 556).

In the present case, there was no valid line of reasoning and permissible inferences which could possibly have led the jury to conclude that, as a result of the underlying motor vehicle accident, the plaintiff sustained a permanent consequential limitation of use of a body organ or member. To establish that he sustained an injury which falls within that category, the plaintiff was required to show the duration of the alleged injury and the extent or degree of the limitations associated therewith (*see Ferraro v Ridge Car Serv.*, 49 AD3d 498 [2008]). At trial, the plaintiff failed to proffer competent medical evidence of any range-of-motion limitations in his spine that were contemporaneous with the subject accident (*see Ferraro v Ridge Car Serv.*, 49 AD3d at 498; *D'Onofrio v Floton, Inc.*, 45 AD3d 525 [2007]).

Accordingly, the Civil Court should have granted the defendant's oral application pursuant to CPLR 4401 for judgment as a matter of law for the plaintiff's failure to establish a prima facie case.

In light of our determination, we need not consider the

defendant's remaining contentions. Rivera, J.P., Florio, Miller and Hall, JJ., concur.