(August 20, 2013)

■ Leonel Antonio Pinto, Respondent, v Andrew Gormally et al., Defendants, and 1432 Doris Street, LLC, Appellant. [970 NYS2d 543]—

Judgment, Supreme Court, Bronx County (Wilma Guzman, J.), entered December 19, 2012, upon a jury verdict, insofar as appealed from as limited by the briefs, awarding plaintiff the principal amount of $753,587.39 against defendant 1432 Doris Street, LLC (the owner), unanimously modified, on the law, to the extent of reducing the verdict for past medical expenses to $46,953, and otherwise affirmed, without costs.[1]

Plaintiff, a laborer and employee of defendant S.P.G. Properties, LLC (SPG), was injured when, while carrying boxes of ceramic tiles from the sidewalk to the basement of the owner's building, he slipped and fell on the stairs, resulting in a box of tiles crushing his hand. The trial evidence established that it was raining throughout the day of the accident and the day before. The evidence also established that the stairs were wet and muddy from the workers tracking in water and dirt on their shoes. The court explained to the jury that it took judicial notice from an earlier decision that plaintiff began his work day at 8:00 a.m. and worked until his accident around 3:30 p.m. Before the accident, plaintiff had informed his supervisor at SPG of the condition of the stairs and the supervisor placed a carpet for the workers to wipe off their footwear. Although plaintiff and his coworkers used the carpet, it was not successful in removing the mud and water from their shoes.

At the close of plaintiff's case and again at the close of evidence, the owner moved for a directed verdict, arguing that there was a lack of evidence that it had notice of the condition of the stairs upon which plaintiff slipped. The trial court denied the motion, concluding that there was a question of fact for the jury as to whether the owner had notice.

A court may grant a directed verdict where, "upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party" (*Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]). Here, the evidence adduced at trial shows that the trial court properly denied defendant's motion for a directed verdict and permitted the case to go before the jury. Indeed, in deciding the motion, the court reasoned that the parties had presented sufficient evidence for the jury to make a finding as to whether defendant had actual

---

1. This order is in accord with the trial court's decision, entered May 7, 2013, after oral argument of this appeal, that granted defendant's motion to set aside the verdict only to the extent of reducing the award for past medical expenses to $46,953 and otherwise denied the motion (*Pinto v Gormally*, Sup Ct, Bronx County, May 7, 2013, Guzman, J., index No. 6172/2007).

or constructive notice of the condition and that, based on the evidence presented, the jury would resolve any issues of witness credibility. Regarding the issue of credibility, the court pointed out the questionable nature of the testimony of defendant's principal, Andrew Gormally, in which he claimed to not recall many details from the date of the accident—namely, whether it was raining that day, whether he was present on the block that day or whether there was water and mud on the stairs. The court noted, however, that the evidence established that Gormally's office was located in the premises and his vehicle was present at the site on the date of the accident. Further, the court noted, plaintiff recalled seeing Gormally every half hour to every two hours throughout the day.

As to the jury's damage award, we find that the awards for past and future pain and suffering do not deviate "materially from what would be reasonable compensation" (CPLR 5501 [c]). In doing so, we consider "not only the type of injury and level of pain, but also the period of time for which that pain is being calculated" (*Garcia v Queens Surface Corp.*, 271 AD2d 277, 278 [1st Dept 2000]). We also accord the trial court's decision great weight, as that court had the benefit of observing the witnesses, their demeanor and their impact on the jury (*Reed v City of New York*, 304 AD2d 1 [1st Dept 2003], *lv denied* 100 NY2d 503 [2003]).

With regard to the award for past medical expenses,[2] however, the jury's award of $60,000 was in excess of the total amount of bills plaintiff offered into evidence. Therefore, we reduce this award to conform to the evidence. Concur—Gonzalez, P.J., Friedman, Moskowitz and Feinman, JJ.

---

2. Defendant does not contest the jury's award for future medical expenses.