■ PATRICIA TELESCO et al., Appellants, v KYLE BLACKMAN et al., Respondents. [32 NYS3d 177]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Dutchess County (Sproat, J.), dated February 11, 2014, which denied their motion pursuant to CPLR 4404 (a) to set aside so much of a jury verdict as found that the plaintiff Patricia Telesco did not sustain a serious injury under the significant limitation of use category of Insurance Law § 5102 (d) as a result of the subject accident and as awarded zero damages for future pain and suffering, for judgment as a matter of law on those issues, and for a new trial on the issue of damages for future pain and suffering, or, in the alternative, to set aside

those portions of the verdict as contrary to the weight of the evidence and for a new trial on those issues, and (2) as limited by their brief, from so much of a judgment of the same court, entered April 14, 2014, as, upon the aforementioned portions of the jury verdict and upon the order, failed to award damages for future pain and suffering.

Ordered that the appeal from the order is dismissed; and it is further;

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

On April 30, 2010, the injured plaintiff Patricia Telesco (hereinafter Patricia) and the defendant Kyle Blackman were involved in a motor vehicle collision on State Route 55, in the Town of Lagrange, Dutchess County. Kyle Blackman's vehicle was owned by the defendant Kurt Blackman. At trial, the plaintiffs submitted the video deposition testimony of a neurosurgeon who first examined Patricia in August 2010. The neurosurgeon testified that he found nothing abnormal in Patricia's neurological examination, and that there were no significant limitations in her range of motion. He also reviewed films from magnetic resonance imaging and a computerized tomography scan that were performed in July 2010, and observed a thoracic disk herniation. On September 23, 2010, the neurosurgeon performed surgery on the thoracic disk herniation. When asked if he had a prognosis for Patricia's thoracic spine after the surgery, he testified: "I think her prognosis is excellent from a neurologic perspective." The defendants also presented the testimony of a neurosurgeon who examined Patricia in October 2011, who found that "essentially everything is normal."

At the close of all of the evidence, the plaintiffs moved for a directed verdict on the issue of whether Patricia sustained a serious injury under the significant limitation of use category of Insurance Law § 5102 (d) as a result of the subject accident. The Supreme Court denied the motion.

The jury found that Patricia did not sustain a serious injury under the significant limitation of use category of Insurance

Law § 5102 (d). It did find, however, that she sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d). It awarded $60,000 for past pain and suffering and zero damages for future pain and suffering.

The plaintiffs moved pursuant to CPLR 4404 (a) to set aside so much of the verdict as found that Patricia did not sustain a serious injury under the significant limitation of use category of Insurance Law § 5102 (d) as a result of the subject accident and as awarded zero damages for future pain and suffering, for judgment as a matter of law on those issues, and for a new trial on the issue of damages for future pain and suffering, or, in the alternative, to set aside those portions of the verdict as contrary to the weight of the evidence and for a new trial on those issues. The court denied the motion, holding that "the jury's verdict was a rational decision based upon a preponderance of the evidence." A judgment was subsequently entered in favor of the plaintiffs and against the defendants in the principal sum of $60,000 for past pain and suffering. The plaintiffs appeal.

"A motion for judgment as a matter of law pursuant to CPLR 4401 or 4404 may be granted only when the trial court determines that, upon the evidence presented, there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury upon the evidence presented at trial, and no rational process by which the jury could find in favor of the nonmoving party" (*Tapia v Dattco, Inc.*, 32 AD3d 842, 844 [2006]; *see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *Jourbine v Ma Yuk Fu*, 67 AD3d 865, 866 [2009]). In considering such a motion, the trial court must afford the nonmoving party every favorable inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant (*see Szczerbiak v Pilat*, 90 NY2d at 556; *Hand v Field*, 15 AD3d 542, 543 [2005]). Moreover, a jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached its verdict on any fair interpretation of the evidence (*see Ferreira v Wyckoff Hgts. Med. Ctr.*, 81 AD3d 587, 588 [2011]; *see generally Lolik v Big v Supermarkets*, 86 NY2d 744 [1995]; *Nicastro v Park*, 113 AD2d 129 [1985]).

In order to show that a plaintiff sustained a serious injury under the significant limitation of use category of Insurance Law § 5102 (d), he or she must submit evidence demonstrating that he or she sustained a significant limitation in the use of a body part, in both degree and duration (*see Estrella v GEICO*

*Ins. Co.*, 102 AD3d 730, 731-732 [2013]; *Lively v Fernandez*, 85 AD3d 981, 982 [2011]). "[A] 'significant limitation' need not be permanent in order to constitute a 'serious injury' " (*Partlow v Meehan*, 155 AD2d 647, 647 [1989], quoting Insurance Law § 5102 [d]).

Here, based upon the evidence presented at trial, there was a valid line of reasoning and permissible inferences which could lead rational people to the jury's conclusion that Patricia did not sustain a serious injury under the significant limitation of use category of Insurance Law § 5102 (d) as a result of the subject accident (*see generally Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 352 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The jury's verdict was also based upon a fair interpretation of the evidence.

Considering that the jury found that Patricia sustained a serious injury under only the 90/180-day category of Insurance Law § 5102 (d), the jury's award of zero damages for future pain and suffering did not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *Graves v New York City Tr. Auth.*, 81 AD3d 589, 589 [2011]; *cf. Conlon v Foley*, 73 AD3d 836, 837-838 [2010]). Mastro, J.P., Chambers, Roman and Maltese, JJ., concur.