■ LEONARD BULLARO et al., Respondents, v LIDO DUNES, LLC, Appellant, et al., Defendants. [56 NYS3d 144]—

In an action to recover a down payment made pursuant to a contract for the sale of real property, the defendant Lido Dunes, LLC, appeals from a judgment of the Supreme Court, Nassau County (Winslow, J.), entered July 17, 2014, which, upon a jury verdict in favor of the plaintiffs, and upon the denial of its motion pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law dismissing the complaint and on its counterclaim for a judgment declaring, inter alia, that it is entitled to retain the subject down payment, or, alternatively, to set aside the verdict as contrary to the weight of the evidence and for a new trial, is in favor of the plaintiffs and against it in the principal sum of $99,500 and dismissing its counterclaim.

Ordered that the judgment is affirmed, with costs.

The plaintiffs entered into a contract dated June 22, 2009, to purchase a parcel of real property located in Lido Beach from the defendant Lido Dunes, LLC (hereinafter Lido Dunes). The sale was contingent on Lido Dunes' lender approving it as a short sale. The contract set the closing date as July 1, 2009, but provided that the closing could be extended for up to 180 days in order for the approval to be received. The parties agreed to a closing date of December 28, 2009, and the plaintiffs purported to give notice that time was of the essence. At the closing on December 28, 2009, the title insurer refused to insure the title without written approval from Lido Dunes' lender that the HUD-1 settlement statement was approved and that the documentation the lender required for the short sale had been received. When the lender's representative could not be reached, Lido Dunes adjourned the closing until December 30, 2009, due to its inability to transfer title because of the objection raised by the title insurer's agent. By letter dated December 28, 2009, the plaintiffs indicated that they deemed the contract terminated due to Lido Dunes' failure to deliver title within 180 days of the scheduled closing date, and demanded return of their down payment. The plaintiffs did not appear for the closing on December 30, 2009.

The plaintiffs commenced this action to recover their down payment. The defendants interposed an answer with a counterclaim for a judgment declaring, inter alia, that Lido Dunes was entitled to retain the down payment. Prior to trial, the parties agreed that the sole issue to be determined by the jury was whether Lido Dunes was ready, willing, and able to deliver insurable title on December 30, 2009. After the trial, the jury returned a verdict finding that Lido Dunes was not ready, willing, and able to do so. Lido Dunes moved pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law dismissing the complaint and on its counterclaim, or, alternatively, to set aside the verdict as contrary to the weight of the evidence and for a new trial. The Supreme Court denied the motion. A judgment was subsequently entered in favor of the plaintiffs and against Lido Dunes in the principal sum of $99,500. Lido Dunes appeals.

Initially, Lido Dunes waived the argument that it was relieved from performing on December 30, 2009, due to the plaintiffs' anticipatory breach on December 28, 2009, by agreeing to limit the issue to be decided at trial to whether it was ready, willing, and able to deliver insurable title on December 30, 2009 (see Ralis v Ralis, 146 AD3d 831 [2017]; M.V.B. Collision, Inc. v Rovt, 101 AD3d 830, 832 [2012]).

Furthermore, the Supreme Court properly denied Lido Dunes' motion pursuant to CPLR 4404 (a). "A motion for judgment as a matter of law pursuant to CPLR 4401 or 4404 may be granted only when the trial court determines that, upon the evidence presented, there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury upon the evidence presented at trial, and no rational process by which the jury could find in favor of the nonmoving party" (Tapia v Dattco, Inc., 32 AD3d 842, 844 [2006]; see Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]; Jourbine v Ma Yuk Fu, 67 AD3d 865, 866 [2009]). In considering such a motion, " 'the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant' " (Hand v Field, 15 AD3d 542, 543 [2005], quoting Szczerbiak v Pilat, 90 NY2d at 556).

Here, there was a valid line of reasoning and permissible inferences which could lead rational persons to the jury's conclusion that Lido Dunes failed to establish that it was ready, willing, and able to deliver insurable title on December 30, 2009 (see Nowak v Rametta, 43 AD3d 1120, 1122-1123 [2007];

*Prana Partners v Brittbran Realty, Inc.*, 12 AD3d 198 [2004]; *Gargano v Rubin*, 200 AD2d 554, 555 [1994]).

A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached its verdict on any fair interpretation of the evidence (*see Telesco v Blackman*, 139 AD3d 709, 711 [2016]; *Ferreira v Wyckoff Hgts. Med. Ctr.*, 81 AD3d 587, 588 [2011]). Here, the jury's verdict was based on a fair interpretation of the evidence. Mastro, J.P., Leventhal, Hall and Sgroi, JJ., concur.