In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff appeals from so much of a judgment of the Supreme Court, Queens County (Agate, J.), entered November 17, 2015, as, upon a jury verdict on the issue of liability, and upon an order of the same court (Agate, J.) dated December 16, 2014, denying that branch of its motion which was for an award of reasonable attorneys’ fees and granting the third-party defendant’s cross motion to direct it to reimburse the third-party defendant the principal sum of $80,000, is in favor of the third-party defendant and against it in the principal sum of $80,000, and the third-party defendant cross-appeals from so much of the same judgment as, upon an order of the same court (Agate, J.) dated November 8, 2013, denying its motion pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of liability and for judgment as a matter of law dismissing the third-party complaint or, in the alternative, to set aside the jury verdict as contrary to the weight of the evidence and for a new trial, is in favor of it and against the defendant third-party plaintiff in the principal sum of only $80,000.
 

 Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
 

 The plaintiff Vincent Lawson (hereinafter the plaintiff) was injured in April 2010 when a liftgate on a shipping trailer owned by the defendant third-party plaintiff, R&L Carriers, Inc. (hereinafter R&L), broke and threw him to the ground. At the time, the plaintiff was employed as a driver by the third-party defendant, Truck-Rite Distribution Systems Corp. (hereinafter Truck-Rite). Prior to the accident, Truck-Rite and R&L had entered into an agreement whereby Truck-Rite would handle and transport freight for R&L. The agreement included a provision that Truck-Rite would indemnify R&L and hold it harmless against any claims of injury or damage asserted against R&L unless such injury or damage was caused by R&L.
 

 The plaintiff, and his wife suing derivatively, commenced this action against R&L. R&L then commenced a third-party action against Truck-Rite. The third-party complaint asserted, inter alia, a cause of action based on contractual indemnification, as well as a cause of action sounding in breach of contract for failure to procure insurance.
 

 Following a trial on the issue of liability, the jury found R&L 35% at fault in the happening of the accident, Truck-Rite 60% at fault, and the plaintiff 5% at fault. Truck-Rite moved pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of liability and for judgment as a matter of law dismissing the third-party complaint or, in the alternative, to set aside the jury verdict as contrary to the weight of the evidence and for a new trial. The Supreme Court denied the motion.
 

 Following a settlement on the issue of damages in the main action, R&L moved in the third-party action for 60% of the legal expenses it had incurred in defending the main action, and for 100% of the legal expenses it had incurred in prosecuting the third-party action. Truck-Rite cross-moved to direct R&L to reimburse it the principal sum of $80,000, representing the amount it had paid in excess of its 60% share of liability in settlement of the main action. The Supreme Court denied R&L’s motion and granted Truck-Rite’s cross motion. A judgment was entered in favor of Truck-Rite and against R&L in the principal sum of $80,000. R&L appeals and Truck-Rite cross-appeals from stated portions of the judgment.
 

 “A motion for judgment as a matter of law pursuant to CPLR 4401 or 4404 may be granted only when the trial court determines that, upon the evidence presented, there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury upon the evidence presented at trial, and no rational process by which the jury could find in favor of the nonmoving party” (Tapia v Dattco, Inc., 32 AD3d 842, 844 [2006]; see Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]; Bullaro v Lido Dunes, LLC, 150 AD3d 952, 953 [2017]). In considering such a motion, “ ‘the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant’ ” (Hand v Field, 15 AD3d 542, 543 [2005], quoting Szczerbiak v Pilat, 90 NY2d at 556). Here, based on the evidence presented at the trial on the issue of liability, there was a valid line of reasoning and permissible inferences which could lead rational persons to the jury’s conclusion that Truck-Rite had been negligent and that its negligence was a proximate cause of the plaintiff’s injuries. Therefore, the Supreme Court properly denied that branch of Truck-Rite’s motion pursuant to CPLR 4404 (a) which was for judgment as a matter of law dismissing the third-party complaint.
 

 A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached its verdict on any fair interpretation of the evidence (see Bullaro v Lido Dunes, LLC, 150 AD3d at 953; Telesco v Blackman, 139 AD3d 709, 711 [2016]; Ferreira v Wyckoff Hgts. Med. Ctr., 81 AJD3d 587, 588 [2011]). Here, the Supreme Court properly determined that the jury’s verdict was based on a fair interpretation of the evidence.
 

 Turning to R&L’s appeal, we note at the outset that the right to contractual indemnification depends upon the specific language of the contract (see Gillmore v Duke/Fluor Daniel, 221 AD2d 938, 939 [1995]). Moreover, “[w]hen a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed” (.Hooper Assoc, v AGS Computers, 74 NY2d 487, 491 [1989]; see Tanking v Port Auth. ofN.Y. & N.J., 3 NY3d 486, 490 [2004]).
 

 Here, the relevant indemnification language of the contract between R&L and Truck-Rite provides that Truck-Rite shall indemnify R&L and hold it harmless against “any and all claims asserted against [R&L] arising from the actions, omissions or negligence of [Truck-Rite’s] employees, agents or servants,” as well as any “claim of injury or damage” arising out of the agreement “unless such injury or damage is caused by [R&L].” This language is not sufficiently specific to require the reimbursement of legal expenses incurred by R&L, either in the defense of the main action (see Breed, Abbott & Morgan v Hulko, 74 NY2d 686 [1989]), or in the prosecution of R&L’s cause of action seeking contractual indemnification from Truck-Rite (see Tonking v Port Auth. of N.Y. & N.J., 3 NY3d at 490; Hooper Assoc, v AGS Computers, 74 NY2d at 492; Goldman v Citicore I, LLC, 149 AD3d 1042, 1045-1046 [2017]). The agreement contains no provision requiring Truck-Rite to assume the defense of indemnified third-party claims, a circumstance that might have provided some evidence to support Truck-Rite’s broad interpretation of the indemnification language (cf. Boshnakov v Board of Educ. of Town of Eden, 302 AD2d 857, 858-859 [2003]). Furthermore, in describing R&L’s rights in the event of a material breach by Truck-Rite, the agreement expressly provided that “[i]f [R&L] prevails in an action against [Truck-Rite] for breach of this Agreement, [R&L] shall be entitled to payment of reasonable attorney fees and costs associated with prosecuting or defending such action.” The inclusion of a specific contract provision addressing the recovery of costs and expenses associated with prosecuting or defending a claim, including attorneys’ fees, in the context of a material breach by Truck-Rite, but not in the context of indemnification, leads to the conclusion that the parties did not agree to obligate Truck-Rite to reimburse the legal expenses incurred by R&L, either in the defense of the main action or in the prosecution of R&L’s cause of action seeking contractual indemnification from Truck-Rite.
 

 Moreover, contrary to R&L’s contention, the above-quoted material breach provision of the agreement has no application in this case, as the Supreme Court dismissed R&L’s breach of contract cause of action for want of proof, and that determination has not been challenged by R&L.
 

 Accordingly, under the circumstances of this case, the Supreme Court properly denied that branch of R&L’s motion which was to recover reasonable attorneys’ fees from Truck-Rite.
 

 R&L’s remaining contention is without merit.
 

 Dillon, J.R, Chambers, Cohen and Iannacci, JJ., concur.