Weg v Kaufman (2018 NY Slip Op 01567)





Weg v Kaufman


2018 NY Slip Op 01567


Decided on March 9, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

L. PRISCILLA HALL, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2015-04158
 (Index No. 8875/11)

[*1]Stuart L. Weg, etc., et al., respondents, et al., plaintiffs, 
v
Bruce D. Kaufman, etc., et al., appellants.


Andrew C. Chan, Dobbs Ferry, NY, for appellants.
Bonnie M. Weir (Gary H. Forman, Tuxedo Park, NY, of counsel), for respondents and for plaintiffs William P. Tseng and William P. Tseng, LLC.



DECISION & ORDER
In an action to recover damages for breach of contract, the defendants appeal from a judgment of the Supreme Court, Westchester County (DiBella, J.), entered January 20, 2015, which, upon the denial of the defendants' motion, made at the close of the trial, in effect, pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint, and upon a jury verdict finding that a partnership agreement existed between the plaintiffs Stuart L. Weg and Stuart L. Weg, M.D., LLC, and the defendants, and that the defendants breached that agreement, is in favor of the plaintiffs Stuart L. Weg and Stuart L. Weg, M.D., LLC, and against the defendants in the principal sum of $1,627,091.
ORDERED that the judgment is reversed, on the law, with costs, the defendants' motion, in effect, pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint is granted, and the complaint is dismissed.
The defendant Bruce D. Kaufman started his anesthesiology practice in 1984, in Manhattan. During a period of 15 years, he expanded his practice to Queens, Garden City, Poughkeepsie, Albany, New Jersey, and Massachusetts. He created several corporate entities for his businesses, including the defendants Outpatient Management Physician Services, LLC (hereinafter OMPS), Outpatient Management Physician Services Essex, LLC (hereinafter OMPS Essex), Outpatient Management Services, LLC (hereinafter OMS), and Bruce D. Kaufman, M.D., P.C. (hereinafter the PC).
In 2001, Kaufman hired the plaintiff Stuart L. Weg, an anesthesiologist, as an independent contractor. Their original independent contractor agreement (hereinafter the original IC agreement), dated November 28, 2001, stated that Weg was an independent contractor of the PC. The original IC agreement further stated: "This Agreement contains the entire agreement between the parties with respect to its subject matter. This Agreement may not be changed, modified or amended, and no waiver of any provision or breach of this Agreement will be effective, unless such change, modification, amendment or waiver is in writing and signed by the party against which enforcement of any change, modification, amendment or waiver is sought." Kaufman testified at the trial that he agreed to pay Weg the higher of $1,000 or 75% of gross receivables per day.
A significant document in this dispute is an email dated January 20, 2005, from Kaufman to Weg, stating that as of January 1, 2004, "you are splitting with me." The email further stated that Weg was owed money for the calendar year 2003. Weg claims that this email is evidence that he was a partner in Kaufman's businesses.
Weg formed his own company, the plaintiff Stuart L. Weg, M.D., LLC (hereinafter Weg's LLC, and together with Weg, the plaintiffs), which entered into a new independent contractor agreement (hereinafter the new IC agreement) with the PC in 2007. The new IC agreement contained clauses stating that Weg's LLC was an independent contractor, and that the new IC agreement could not be amended except in writing signed by the party against whom enforcement was sought.
The plaintiffs commenced this action alleging that Weg was a partner in Kaufman's businesses and entitled to 50% of the profits of those businesses. The action proceeded to trial before a jury.
Weg testified at the trial that he did not have check-writing authority in the alleged partnership, and that only Kaufman had such authority. Weg acknowledged that he did not contribute any assets or capital to the partnership. Weg's 1099 forms indicated that he received "nonemployee compensation," not partnership income.
Weg presented the testimony of accountant Henry Fuentes, who testified that the payments that were made to Weg and Kaufman were basically equal payments for the period of 2006 through 2009, and amounted to approximately $2.9 million for each of them. However, Fuentes acknowledged that the payments were exactly the same only "75 percent of the time."
At the close of the plaintiffs' case, the defendants moved, in effect, pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint on the ground that "there was no mutual assent and the contract documents speaks [sic] for themselves in that manner, that two independent contractor agreements were signed by the party to be charged, in this instance, Dr. Weg, both before and after the claimed partnership agreement took place." The Supreme Court denied the motion. At the close of the trial, the defendants again moved for judgment as a matter of law dismissing the complaint on the same ground, and the court again denied the motion. The jury found that there was a partnership agreement between the plaintiffs and the defendants, and that the defendants breached that agreement. The jury awarded the plaintiffs $1,627,091 in damages.
"A motion for judgment as a matter of law pursuant to CPLR 4401 or 4404 may be granted only when the trial court determines that, upon the evidence presented, there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury upon the evidence presented at trial, and no rational process by which the jury could find in favor of the nonmoving party" (Tapia v Dattco, Inc., 32 AD3d 842, 844; see Szczerbiak v Pilat, 90 NY2d 553, 556; Jourbine v Ma Yuk Fu, 67 AD3d 865, 866). In considering such a motion, " the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant'" (Hand v Field, 15 AD3d 542, 543, quoting Szczerbiak v Pilat, 90 NY2d at 556).
The Supreme Court erred in denying the defendants' motion, made at the close of trial, in effect, pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint. The existence of a partnership agreement between Kaufman and the plaintiffs with respect to Kaufman's businesses cannot be inferred from the evidence presented at the trial. The parties' relationship was governed by written agreements. The 2005 email which makes reference to splitting income is not sufficient to draw such an inference. Although an email message can constitute a binding contract if it sets forth the material terms of the agreement, and contains an expression of mutual assent (see Forcelli v Gelco Corp. (109 AD3d 244, 248), the email in question fails to set forth the material terms of a partnership agreement. There was no valid line of reasoning and permissible inferences from which the jury could have concluded that there was such a partnership agreement in this case.
Accordingly, the Supreme Court should have granted the defendants' motion, made [*2]at the close of the trial, in effect, pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint.
HALL, J.P., HINDS-RADIX, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court