Allington v Templeton Found. (2018 NY Slip Op 08768)





Allington v Templeton Found.


2018 NY Slip Op 08768


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, TROUTMAN, AND WINSLOW, JJ.


953 CA 18-00371

[*1]JEFFREY E. ALLINGTON AND STACIE MILLER, PLAINTIFFS-APPELLANTS-RESPONDENTS,
v
TEMPLETON FOUNDATION, CARE OF THE MARY IMOGENE BASSETT HOSPITAL, DOING BUSINESS AS BASSETT MEDICAL CENTER, AND PULVER ROOFING CO., INC., DEFENDANTS-RESPONDENTS-APPELLANTS.
-
TEMPLETON FOUNDATION, CARE OF THE MARY IMOGENE BASSETT HOSPITAL, DOING BUSINESS AS BASSETT MEDICAL CENTER, THIRD-PARTY PLAINTIFF-RESPONDENT, 
v
PULVER ROOFING CO., INC., THIRD-PARTY DEFENDANT-APPELLANT. 






MICHAELS & SMOLAK, P.C., AUBURN (MICHAEL G. BERSANI OF COUNSEL), FOR PLAINTIFFS-APPELLANTS-RESPONDENTS.
SUGARMAN LAW FIRM, LLP, SYRACUSE (STEPHEN A. DAVOLI OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT TEMPLETON FOUNDATION, CARE OF THE MARY IMOGENE BASSETT HOSPITAL, DOING BUSINESS AS BASSETT MEDICAL CENTER AND THIRD-PARTY PLAINTIFF-RESPONDENT.
PETRONE & PETRONE, P.C., WILLIAMSVILLE (LINDA LALLI STARK OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT PULVER ROOFING CO., INC. AND THIRD-PARTY DEFENDANT-APPELLANT.


 Appeal and cross appeals from an order of the Supreme Court, Steuben County (Joseph W. Latham, A.J.), entered November 8, 2017. The order denied the motion of plaintiffs and the cross motions of defendants for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting plaintiffs' motion in part and granting plaintiffs summary judgment on liability on the Labor Law § 240 (1) cause of action and on the Labor Law § 241 (6) cause of action insofar as it is premised on the violation of 12 NYCRR 23-1.21 (b) (3) (iv); granting the cross motion of defendant Templeton Foundation, care of the Mary Imogene Bassett Hospital, doing business as Bassett Medical Center, in part and dismissing plaintiffs' Labor Law § 200 cause of action and the Labor Law § 241 (6) cause of action except insofar as it is premised on a violation of 12 NYCRR 23-1.12 (b) (3) (iv) and 12 NYCRR 23-1.21 (b) (4) (ii); granting the cross motion of defendant Pulver Roofing Co., Inc. insofar as it sought summary judgment dismissing the second amended complaint against it; granting the cross motion of third-party defendant insofar as it sought summary judgment dismissing the common-law indemnification cause of action in the third-party complaint; and granting summary judgment to third-party plaintiff on the contractual indemnification cause of action in the third-party complaint; and as modified the order is affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking to recover damages under, inter [*2]alia, Labor Law §§ 200, 240 (1), and 241 (6) for injuries that Jeffrey E. Allington (plaintiff) sustained when the ladder he had been using to access the roof of a work site "kicked out" from underneath him. Defendant-third-party plaintiff Templeton Foundation, care of the Mary Imogene Bassett Hospital, doing business as Bassett Medical Center (Bassett) subsequently commenced a third-party action against defendant-third-party defendant Pulver Roofing Co., Inc. (Pulver), seeking contractual and common-law indemnification. Plaintiffs moved for, inter alia, partial summary judgment on liability under the Labor Law §§ 240 (1) and 241 (6) causes of action against Bassett. Bassett cross-moved for summary judgment dismissing plaintiffs' second amended complaint and all cross claims against it and, in the alternative, for summary judgment on its cross claim for indemnification against Pulver. Pulver cross-moved for summary judgment dismissing plaintiffs' second amended complaint and all cross claims against it and dismissing the third-party complaint. Plaintiffs appeal and Bassett and Pulver cross-appeal from an order that denied plaintiffs' motion and the cross motions of Bassett and Pulver.
With respect to plaintiffs' appeal, we agree with plaintiffs that Supreme Court erred in denying their motion for partial summary judgment on liability against Bassett, the property owner, under Labor Law § 240 (1). "Plaintiff[s] met [their] initial burden by establishing that [plaintiff's] injury was proximately caused by the failure of a safety device to afford him proper protection from an elevation-related risk" (Raczka v Nichter Util. Constr. Co., 272 AD2d 874, 874 [4th Dept 2000]). In opposition, Bassett did not dispute that the ladder at issue, which consisted of only the top half of an extension ladder and lacked any feet, was defective, and it failed to raise a triable issue of fact whether plaintiff was the sole proximate cause of the accident or a recalcitrant worker. Indeed, the record establishes that plaintiff used this ladder "pursuant to the directions and example of his supervisor" (Pichardo v Aurora Contrs., Inc., 29 AD3d 879, 880-881 [2d Dept 2006]). We therefore modify the order accordingly.
We agree with plaintiffs' further contention that they are entitled to partial summary judgment on their Labor Law § 241 (6) cause of action against Bassett to the extent that this cause of action is based on a violation of 12 NYCRR 23-1.21 (b) (3) (iv), and we therefore further modify the order accordingly. Evidence of the deterioration or absence of a ladder's feet is sufficient to establish a prima facie violation of this regulation (see Melchor v Singh, 90 AD3d 866, 870 [2d Dept 2011]; De Oliveira v Little John's Moving, 289 AD2d 108, 109 [1st Dept 2001]), and here plaintiffs established that the ladder lacked any feet and plaintiff was required to use it in an icy environment. In opposition, Bassett relied only on its contention that plaintiff was the sole cause of the accident, but Bassett failed to raise a triable issue of fact with respect to that issue (see generally Rodriguez v City of New York, 31 NY3d 312, 324-325 [2018]). We note that plaintiffs' evidence would also establish a prima facie violation of 12 NYCRR 23-1.21 (b) (4) (ii) (see Melchor, 90 AD3d at 870), but plaintiffs failed to move for summary judgment on this ground and the court properly denied Bassett's cross motion for summary judgment with respect to this regulation. We further conclude on Bassett's cross appeal, however, that the court erred in denying those parts of Bassett's cross motion for summary judgment dismissing the Labor Law § 241 (6) cause of action against it with respect to the remaining regulatory violations, and we therefore modify the order accordingly.
We also agree with Bassett on its cross appeal that the court erred in denying that part of its cross motion seeking to dismiss plaintiffs' Labor Law § 200 cause of action against it, and we further modify the order accordingly. Initially, plaintiffs did not oppose that part of Bassett's cross motion and failed to respond to the corresponding contention on Bassett's cross appeal, and plaintiffs have therefore abandoned that cause of action (see Donna Prince L. v Waters, 48 AD3d 1137, 1138 [4th Dept 2008]). In any event, Bassett established that it lacked the authority to supervise and control the performance of plaintiff's work and thus it cannot be held liable for a violation of Labor Law § 200 (see Mayer v Conrad, 122 AD3d 1366, 1367 [4th Dept 2014]; see also Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877 [1993]). We note that plaintiffs did not assert Labor Law causes of action against Pulver, the owner of the ladder, in their second amended complaint, and did not move for partial summary judgment on those causes of action against Pulver. We therefore have not considered the parties' contentions regarding Pulver's liability under the Labor Law.
Bassett's further contention on its cross appeal that the court should have dismissed plaintiffs' claim for lost wages subsequent to October 2013 is based on evidence outside the record on appeal. Even assuming, arguendo, that such evidence was submitted to the court in [*3]support of Bassett's cross motion, we note that Bassett " submitted this appeal on an incomplete record and must suffer the consequences' " (Resetarits Constr. Corp. v City of Niagara Falls, 133 AD3d 1229, 1229 [4th Dept 2015]). We have not considered the untimely filed post-argument submissions regarding plaintiffs' claim for lost wages (see 22 NYCRR former 1000.11 [g]; see also 22 NYCRR 1000.15 [e]).
With respect to Pulver's cross appeal, we agree with Pulver, a subcontractor that was not present on the work site on the day of plaintiff's accident, that the court erred in denying that part of its cross motion seeking dismissal of plaintiffs' common-law negligence cause of action against it. Inasmuch as the only other cause of action asserted against Pulver is a "derivative cause of action [that] cannot survive the dismissal" of the negligence cause of action (Klein v Metropolitan Child Servs., Inc., 100 AD3d 708, 711 [2d Dept 2012]), we modify the order by dismissing the second amended complaint against Pulver. A common-law negligence cause of action may be maintained against a subcontractor " where the work it performed created the condition that caused the plaintiff's injury even if it did not possess any authority to supervise and control the plaintiff's work or work area' " (Poracki v St. Mary's R.C. Church, 82 AD3d 1192, 1195 [2d Dept 2011]; see Tabickman v Batchelder St. Condominium By Bay, LLC, 52 AD3d 593, 594 [2d Dept 2008]). Here, however, the record establishes that Pulver's employees did not place the ladder in the position from which plaintiff fell. Rather, the ladder was in the control of plaintiff's employer, who is not a party in this action, immediately prior to the accident, and therefore the failure of Pulver to remove the ladder from the work site was not a proximate cause of plaintiff's accident (cf. Benitez v City of New York, 160 AD3d 445, 445 [1st Dept 2018]; see generally Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315 [1980], rearg denied 52 NY2d 784 [1980]). In light of our determination, we further agree with Pulver that the court erred in denying it summary judgment dismissing Bassett's cross claim and third-party cause of action against it for common-law indemnification, and we further modify the order accordingly.
Bassett and Pulver each contend on their respective cross appeals that the court erred in denying their respective cross motions for summary judgment on the issue of Pulver's contractual obligation to indemnify Bassett. Unlike common-law indemnification (see Grove v Cornell Univ., 151 AD3d 1813, 1816 [4th Dept 2017]), contractual indemnification is permissible where, as here, there is no finding of negligence on the part of the indemnitor (see Brown v Two Exch. Plaza Partners, 76 NY2d 172, 178 [1990]; ZRAJ Olean, LLC v Erie Ins. Co. of N.Y., 134 AD3d 1557, 1560 [4th Dept 2015], lv denied 29 NY3d 915 [2017]); however, "the right to contractual indemnification depends upon the specific language of the contract" (Lawson v R & L Carriers, Inc., 154 AD3d 836, 838 [2d Dept 2017]; see Gillmore v Duke/Fluor Daniel, 221 AD2d 938, 939 [4th Dept 1995]). Here, we agree with Bassett that the operative contractual language is section 8.3 of the October 15, 2012 General Terms of the Subcontract Agreement incorporated into the subcontract between Pulver and plaintiff's employer. That section obligates Pulver to indemnify Bassett "against each and every claim, demand, damage, expense, loss, liability and suit or other action arising out of any injury, including death, to persons . . . occasioned in any way by . . . the breakage or malfunctioning of any tools, supplies, scaffolding or other equipment, similar or dissimilar to the foregoing, used by or furnished to SUBCONTRACTOR, its sub-subcontractors, or sub-subcontractors' agents or employees" (emphasis added). An act or omission that "occasion[s]" a claim is an act or omission that is "a direct or indirect cause" thereof (Merriam-Webster Dictionary 499 [2016] [emphasis added]; see generally Vigilant Ins. Co. v Bear Stearns Cos., Inc., 10 NY3d 170, 177 [2008]; Caren EE. v Alan EE., 124 AD3d 1102, 1104 [3d Dept 2015]). Thus, while we agree with Pulver that it was not a proximate, or direct, cause of plaintiff's accident, we agree with Bassett that it established as a matter of law that plaintiff's accident was occasioned by, or indirectly caused by, Pulver's failure to remove its defective ladder from the work site.
We note that Bassett cross-moved for summary judgment on only its cross claim for indemnification in the first-party action filed by plaintiffs, without reference to the third-party complaint. Nonetheless, Pulver cross-moved for summary judgment dismissing the cause of action for contractual indemnification in the third-party complaint, and we therefore exercise our authority to search the record and grant summary judgment to Bassett on that third-party cause of action without the necessity of a cross motion in the third-party action (see CPLR 3212 [b]; Merritt Hill Vineyards v Windy Hgts. Vineyard, 61 NY2d 106, 110-111 [1984]). We therefore further modify the order accordingly.
Finally, Pulver is not aggrieved by the court's failure to specifically rule on that part of plaintiffs' motion seeking dismissal of several of Pulver's affirmative defenses inasmuch as any such failure is deemed a denial of that part of the motion (see Millard v City of Ogdensburg, 274 AD2d 953, 954 [4th Dept 2000]).
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court