Hecsomar Realty Corp., Petitioner-Appellant,
against
Alexis Camerena, Respondent-Respondent, and "John Doe" and "Jane Doe," Respondents-Undertenants.



Petitioner appeals from an order of the Civil Court of




the City of New York, New York County (Anne Katz, J.), entered on or about March 14, 2018, which granted respondent's motion to dismiss the petition at the close of petitioner's case in a holdover summary proceeding.
Per Curiam.
Order (Anne Katz, J.), entered on or about March 14, 2018, affirmed, with $10 costs.
The trial court, at the close of petitioner's case, properly granted respondent's motion to dismiss this licensee holdover proceeding. Even affording petitioner every favorable inference that could reasonably be drawn from the evidence adduced at trial (see Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]), we agree that it failed to establish that respondent was a licensee who continued in possession after the death of the rent stabilized tenant, as alleged in the petition and the 10-day notice to quit (RPAPL 713[7]). As the trial court noted, there was no evidence that respondent entered into possession with the permission of the tenant, who died in February 2016, since "all of [landlord's witnesses testified] that respondent did not reside there until July 2016." Since landlord made no claim based on respondent's status as a squatter (see RPAPL 713[3]; see generally Goffe v Goffe, 14 Misc 3d 130[A], 2007 NY Slip Op 50048[U] [App Term, 9th & 10th Jud Dists 2007]), this proceeding must be dismissed without prejudice to commencement of a proper proceeding (see Singh v Ramirez, 20 Misc 3d 142[A], 2008 NY Slip Op 51680[U] [App Term, 2d & 11th Jud Dists 2008]; Bathija v Chaudhry, NYLJ, May 6, 1998, at 31, col 5 [App Term, 2d & 11th Jud Dists 1998]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: January 28, 2019