Shoshari v Herrera (2020 NY Slip Op 03937)





Shoshari v Herrera


2020 NY Slip Op 03937


Decided on July 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2019-00675
 (Index No. 7837/14)

[*1]Nikolla Shoshari, appellant, 
v
Diego M. Herrera, et al., respondents, et al., defendants.


Mallilo & Grossman (Berson & Budashewitz, New York, NY [Jeffrey A. Berson], of counsel), for appellant.
Rivkin Radler LLP, Uniondale, NY (Merril Biscone and Cheryl F. Korman of counsel), for respondents Diego M. Herrera and Abraham Natural Foods Corp.
Cheven Keely & Hatzis (Thomas Torto, New York, NY, of counsel), for respondent Socrates A. Rodriguez.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an interlocutory judgment of the Supreme Court, Queens County (Joseph J. Esposito, J.), entered November 29, 2018. The interlocutory judgment, insofar as appealed from, upon a jury verdict on the issue of liability finding the defendant Socrates A. Rodriguez 5% at fault, and the defendant Diego M. Herrera 25% at fault, in the happening of the accident, and upon the granting of the separate motions of the defendant Socrates A. Rodriguez, and the defendants Diego M. Herrera and Abraham Natural Foods Corp., pursuant to CPLR 4404(a) to set aside the jury verdict in favor of the plaintiff and against each of them on the issue of liability and for judgment as a matter of law, is in favor of those defendants and against the plaintiff dismissing the complaint insofar as asserted against those defendants.
ORDERED that the interlocutory judgment is reversed insofar as appealed from, on the law, with one bill of costs to the plaintiff, payable by the respondents appearing separately and filing separate briefs, the separate motions of the defendant Socrates A. Rodriguez, and the defendants Diego M. Herrera and Abraham Natural Foods Corp., pursuant to CPLR 4404(a) are denied, the complaint insofar as asserted against those defendants and the jury verdict finding the defendant Socrates A. Rodriguez 5% at fault, and the defendant Diego M. Herrera 25% at fault, in the happening of the accident, are reinstated, and the matter is remitted to the Supreme Court, Queens County, for the entry of an appropriate amended interlocutory judgment.
This action arises out of a multi-vehicle accident that occurred on December 24, 2013, on Astoria Boulevard, at its intersection with 82nd Street, in Queens. This accident involved a vehicle operated by the plaintiff, a vehicle operated by the defendant Nicholas J. Garrett (hereinafter Nicholas) and owned by the defendant Jaime Garratt, a vehicle operated by the defendant Socrates A. Rodriguez, and a vehicle operated by the defendant Diego M. Herrera and owned by the defendant Abraham Natural Foods Corp. It is undisputed that all of the vehicles involved were heading eastbound on Astoria Boulevard when the accident occurred. As a result of the accident, the plaintiff commenced this action against the defendants to recover damages for personal injuries, alleging that the defendants were negligent. After a trial on the issue of liability, the jury returned a verdict finding that Nicholas, Herrera, and Rodriguez were all at fault in the happening of the accident and apportioned the fault of Nicholas at 70%, Herrera at 25%, and Rodriguez at 5%. Following the [*2]jury's verdict, Rodriguez orally moved to set aside the verdict in favor of the plaintiff and against him on the issue of liability and for judgment as a matter of law dismissing the complaint insofar as asserted against him. Herrera and Abraham Natural Foods Corp. made a similar oral motion following the jury's verdict. The Supreme Court granted both motions to set aside the verdict as to those defendants and for judgment as a matter of law dismissing the complaint insofar as asserted against those defendants. An interlocutory judgment was entered, inter alia, in favor of those defendants and against the plaintiff dismissing the complaint insofar as asserted against those defendants. The plaintiff appeals.
For a court to conclude as a matter of law that a jury verdict is not supported by sufficient evidence, it must find that there is "simply no valid line of reasoning and permissible inferences which could possibly lead . . . to the conclusion reached by the jury on the basis of the evidence presented at trial" (Cohen v Hallmark Cards, 45 NY2d 493, 499; see Allen v Federation of Jewish Philanthropies of N.Y., 175 AD3d 1226, 1228; Barril v McClure, 163 AD3d 752, 752-753). In considering such a motion, "the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (Szczerbiak v Pilat, 90 NY2d 553, 556; Barril v McClure, 163 AD3d at 753).
Here, the Supreme Court should have denied the separate motions of Rodriguez and Herrera and Abraham Natural Foods Corp. which were to set aside the jury verdict in favor of the plaintiff and against them on the issue of liability and for judgment as a matter of law, as there existed a valid line of reasoning and permissible inferences from which the jury could rationally conclude that Rodriguez and Herrera were negligent, and that their negligence was a substantial factor, in the happening of the accident (see Cohen v Hallmark Cards, 45 NY2d at 499).
Accordingly, we reinstate the jury verdict in favor of the plaintiff and against Rodriguez and Herrera and Abraham Natural Foods Corp.
BALKIN, J.P., LEVENTHAL, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court