OPINION OF THE COURT
Peter Tom, J.
Plaintiff traveled from New York to Mexico City with his family on a three-week vacation. He checked three pieces of luggage with AeroMexico Airline in J. F. Kennedy Airport and when he arrived in Mexico City one suitcase was missing.
Plaintiff filed a claim with the airline for loss of property in excess of $5,000. AeroMexico settled this claim by reimbursing claimant the sum of $640, the maximum allowance permitted under applicable international law based on weight allowance of the lost luggage.
Plaintiff then brought this action against his insurance carrier to recover the balance of his loss pursuant to a homeowner’s policy.
*31 The applicable provision of the policy provides that the carrier covers direct loss caused by the following perils: "theft —including loss of property from a known location when the probability of theft exists”.
Defendant contends that it is not liable to plaintiff under the named perils insurance policy since plaintiff failed to prove that the lost property was caused by theft. Defendant asserts that the mere showing by the assured that a suitcase was lost or disappeared while in the custody of an air carrier, without more, is insufficient proof to hold the insurer liable under the terms of the policy. Defendant cites Suberi v Travelers Indent. Co. (NYLJ, June 14, 1985, at 7, col 2 [App Term, 1st Dept]), in support of its contention.
The policy in issue-provides coverage for lost property when the probability of theft exists.
The term probable is defined as, "likely; that can reasonably be expected or believed . on the basis of the available evidence, though not proved or certain.” (Webster’s New Twentieth Century Dictionary 1433 [2d ed 1979].)
Plaintiff is not required to produce evidence to show that the property was, in fact, stolen but rather, proof to show that the loss was more likely than not caused by theft. (Suberi v Travelers Indent. Co., supra.) Plaintiff only has to offer sufficient evidence from which a jury may draw a reasonable inference of loss by theft before the insurer is obligated to indemnify the assured under the terms of the policy. (Ruffalo’s Truck Servs. v National Ben-Franklin Co., 243 F2d 949 [2d Cir 1957].)
Plaintiff offers into evidence a letter from AeroMexico which provides in relevant part:
"Since your luggage has not been found for six months, our experience would indicate that your luggage would not ever be returned to you and that the possibility of theft does exist.
"Finally, in view of the above, there is a probability the luggage was misappropriated.”
This correspondence constitutes a declaration from the carrier that after a thorough search it was found that in all probability the missing luggage was stolen or misappropriated. The carrier’s finding is sufficient proof for the court to draw a reasonable inference that in all probability plaintiff’s luggage was stolen which would meet the terms of the insurance policy for indemnification.
As to the issue of damages, plaintiff testified that the *32 missing suitcase contained wearing apparel, a watch, expensive cameras, lenses and camera equipment. The replacement value of the cameras and equipment alone exceeds $3,500.
The court cannot believe that plaintiff, a fairly experienced traveler, would place fragile and expensive items in a check-in luggage, unprotected and without declaring its value. The items claimed to be missing include a Minolta 8 MM video camera valued at $1,700, a Minolta 35 MM camera valued at $650 and other expensive camera equipment.
Pursuant to questions posed by the court, plaintiff disclosed that the missing suitcase is a soft-cover suitcase with no locks. Plaintiff travels at least Once or twice each year since 1983. Plaintiff also had a video recorder damaged in a check-in baggage with an airline approximately 10 years ago.
The court finds that portion of plaintiff’s testimony regarding the contents of the suitcase to contain these expensive items not credible.
Plaintiff also claims the lost suitcase contained clothing, shoes and a Seiko watch. Approximately one half of these articles are used items. The court estimates the value of these items to be worth in the sum of $900. Since plaintiff has recovered the sum of $640 from the airline, defendant is liable for the balance of plaintiff’s loss in the sum of $260.
Accordingly, the court grants a judgment in favor of plaintiff against defendant in the sum of $260.