■ Edwin Padilla, Appellant, v Avrum A. Freelund, Respondent, et al., Defendants. [776 NYS2d 45]—

Judgment, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered October 28, 2002, upon a jury verdict in defendant's favor, unanimously affirmed, without costs.

While plaintiff contends that the Judicial Hearing Officer assigned to oversee jury selection erroneously granted defendant's *Batson* challenge, the record is inadequate to permit review of, much less reversal based upon, the disputed ruling.

Although it appears that plaintiff did present sufficient objective medical evidence to raise a jury question as to whether he had sustained either "significant" or "permanent" injury within the meaning of Insurance Law § 5102 (d), the trial court's error in declining to charge the jury respecting those theories of serious injury was harmless in light of the jury's rejection of plaintiff's claim that he had a medically determined injury, caused by the accident, which prevented him from performing substantially all of the material acts that constituted his usual and customary daily activities for not less than 90 days during the 180 days immediately following the accident.

The trial court properly declined to permit plaintiff's treating physician to refer to an MRI film in evidence where plaintiff's 22 NYCRR 202.17 notice did not state that the treating physician based his diagnosis on his reading of the MRI film. We observe as well that plaintiff's treating physician, a neurologist, was not noticed as an expert in the field of interpreting MRI films. Concur—Tom, J.P., Saxe, Williams, Friedman and Marlow, JJ.