■ BRIAN MILLER, Appellant, v JOSEPH TACOPINA et al., Respondents. [824 NYS2d 43]—

Resettled judgment, Supreme Court, New York County (Kibbie F. Payne, J.), entered January 26, 2006, after a jury trial, awarding plaintiff damages of $5,000 each for past and future

pain and suffering, $4,049 for medical expenses and $4,334.81 for property damage, subject to apportionment of liability 25% to defendants and 75% to plaintiff, unanimously modified, on the facts, the awards for past and future pain and suffering vacated and a new trial directed on those issues only, and otherwise affirmed, without costs, unless defendants stipulate, within 20 days of service of a copy of this order with notice of entry, to an increase of those portions of the award, prior to apportionment, to $40,000 each, and to entry of an amended judgment in accordance therewith.

Plaintiff motorcyclist suffered a mild separation of the acromioclavicular joint in his left shoulder, for which he underwent two months of physical therapy to improve his mobility and reduce his pain. The medical expert testimony was uniform in expressing the opinion that such injury, a shoulder sprain, would not ordinarily warrant surgery. An MRI report indicated a tear in plaintiff's, supraspinatus tendon at the rotator cuff, although this conclusion was challenged by defendants' expert radiologist, who conceded that he had not reviewed plaintiff's medical records prior to trial. There is no basis in the record for disturbing the jury's determination regarding the weight to be accorded the conflicting expert evidence (*see Torricelli v Pisacano*, 9 AD3d 291, 293 [2004], *lv denied* 3 NY3d 612 [2004]) in rejecting plaintiff's claim for future surgical expenses.

Plaintiff, 27 years old at the time of the accident, testified to continuing pain up to the time of trial, restricting his ability to engage in sports activities, and still causing him discomfort in sleeping every night. Plaintiff's treating orthopedist confirmed that plaintiff's shoulder injury was "painful" and "permanent," and defendants' expert orthopedist refused to rule out the possibility that the injury would be permanent.

There is no support in the record for plaintiff's argument that the challenged damage awards reflected a compromise verdict; our decision to increase the pain and suffering awards is based on material deviation from what is reasonable compensation under the circumstances (CPLR 5501 [c]; *Claudio v City of New York*, 280 AD2d 403 [2001]). Concur—Andrias, J.P., Marlow, Gonzalez, Sweeny and Catterson, JJ.