■ BERNADETTE MCADAMS, Appellant, v FRANCINE V. ESPOSITO, Respondent. [825 NYS2d 753]—In an action to recover damages for personal injuries, the plaintiff appeals, as limited

by her notice of appeal and briefs, from so much of an order of the Supreme Court, Westchester County (Bellantoni, J.), dated March 8, 2005, as denied those branches of her motion pursuant to CPLR 4404 (a) which were to set aside so much of a jury verdict as awarded her damages in the principal sums of only $7,500 for past pain and suffering and $0 for future pain and suffering as against the weight of the evidence and for a new trial on the issue of those damages.

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, those branches of the motion pursuant to CPLR 4404 (a) which were to set aside so much of the jury verdict as awarded the plaintiff damages in the principal sums of only $7,500 for past pain and suffering and $0 for future pain and suffering as against the weight of the evidence, and for a new trial on the issue of those damages, are granted, and the matter is remitted to the Supreme Court, Westchester County, for a new trial on the issue of those damages only, with costs to abide the event.

The plaintiff's contention that the jury verdict as to future damages was inconsistent is unpreserved for appellate review because she failed to object to the verdict on that ground prior to the discharge of that jury (*see Grzesiak v General Elec. Co.*, 68 NY2d 937, 938-939 [1986]; *Barry v Manglass*, 55 NY2d 803, 806 [1981]; *Jamal v Gohel*, 25 AD3d 587, 588 [2006]; *Sotomayor v Enterprise Packaging Corp.*, 10 AD3d 603 [2004]; *McGoldrick v Licata*, 298 AD2d 439 [2002]; *Tesoro v Rozza*, 267 AD2d 227 [1999]). However, under the circumstances, so much of the jury verdict as awarded the plaintiff damages in the principal sums of only $7,500 for past pain and suffering and $0 for future pain and suffering deviated materially from the amount of reasonable compensation and was not based upon any fair interpretation of the evidence (*see* CPLR 5501 [c]; *Nicastro v Park*, 113 AD2d 129, 134 [1985]; *Fryer v Maimonides Med. Ctr.*, 31 AD3d 604 [2006]; *Van Nostrand v Froehlich*, 18 AD3d 539 [2005]; *Cromas v Kosher Plaza Supermarket*, 300 AD2d 273 [2002]; *Sescila v Garine*, 225 AD2d 684 [1996]). Accordingly, the Supreme Court erred in denying those branches of the plaintiff's motion pursuant to CPLR 4404 (a) which were to set aside that portion of the jury verdict and for a new trial on the issue of those damages. Adams, J.P., Goldstein, Fisher and Lifson, JJ., concur.