■ EDMONDE MITCHELL, Appellant, v YUEH S. WU et al., Respondents. [831 NYS2d 483]—In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (LaCava, J.), entered June 28, 2005, which, upon a jury verdict on the issue of liability, and upon the denial of her motion pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law, or alternatively, to set aside the verdict as against the weight of the evidence and for a new trial, is in favor of the defendants and against her dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

For a court to determine that a jury verdict is not supported by legally sufficient evidence, it must conclude that there is "no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). Additionally, a jury verdict should not be set aside as against the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744 [1995]; *Nicastro v Park*, 113 AD2d 129, 134 [1985]). Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law,

but rather requires a discretionary balancing of many factors (*see Cohen v Hallmark Cards, supra; Nicastro v Park, supra* at 133). It is for the trier of fact to make determinations as to the credibility of the witnesses, and great deference is accorded to the fact finder, who had the opportunity to see and hear the witnesses (*see Bertelle v New York City Tr. Auth.*, 19 AD3d 343 [2005]; *Corcoran v People's Ambulette Serv.*, 237 AD2d 402, 403 [1997]).

Here, viewing the evidence in the light most favorable to the defendants, sufficient evidence was presented from which the jury could rationally conclude that the plaintiff's negligent operation of her vehicle was the sole proximate cause of the accident (*see Cohen v Hallmark Cards, supra; Chepel v Meyers*, 306 AD2d 235, 237 [2003]). Moreover, the verdict was not against the weight of the evidence (*see Nicastro v Park, supra*). Mastro, J.P., Rivera, Dillon and Carni, JJ., concur.