■ Randy Shifrel, Appellant, v Sarbjit Singh, Respondent. [874 NYS2d 910]—

Order, Supreme Court, Bronx County (Howard R. Silver, J.), entered February 4, 2008, which, after a jury trial, denied plaintiff's motion to set aside the verdict awarding plaintiff $5,000 for past pain and suffering and $0 for future pain and suffering, unanimously modified, on the facts, to grant the motion to the extent of vacating the award for past pain and suffering, and to direct a new trial on the issues of such damages only, and otherwise affirmed, without costs, unless defendant, within 30 days of service of a copy of this order with notice of entry, stipulates to increase the award for past pain and suffering to $50,000.

Plaintiff's automobile was hit in the rear as he was stopped in traffic on the Cross Bronx Expressway. He complained of left shoulder pain at the Palisades Medical Center, and was advised

to seek an evaluation by an orthopedic surgeon. That doctor, who testified at trial, ordered an MRI of plaintiff's left shoulder, which revealed a torn rotator cuff. The orthopedic surgeon related that the tear was acute and was not the result of a degenerative condition. He opined that it was caused by the automobile accident. Plaintiff underwent surgery to repair the tear, followed by seven weeks of physical therapy.

The defense did not produce a medical expert. However, it produced a biomechanical engineer. It was this expert's opinion, based upon the weight of the two automobiles and defendant's speed prior to the accident, that it was unlikely that plaintiff's left shoulder made impact with his steering wheel.

The jury assessed all of this evidence, and appropriately concluded that the accident caused plaintiff to suffer only a nonpermanent injury which prevented him from performing his usual and customary activities for at least 90 of 180 days immediately following the accident rather than a permanent consequential limitation or significant limitation of a body function or system (*see Mejia v JMM Audubon*, 1 AD3d 261, 262 [2003]).

However, we have determined to increase the jury's award for past pain and suffering to $50,000 upon a conclusion that a $5,000 award materially deviated from reasonable compensation under the circumstances (CPLR 5501 [c]; *Miller v Tacopina*, 34 AD3d 254 [2006]). Given the lack of permanency of plaintiff's injuries, we affirm the jury's determination that plaintiff is not entitled to an award for future pain and suffering. Concur—Gonzalez, P.J., Mazzarelli, Andrias, Moskowitz and Renwick, JJ.