■ EDDIE QUERIN, Respondent, v GAVIN SCOTTI et al., Appellants. [932 NYS2d 99]—

The plaintiff, a Canadian citizen, was a passenger in the back seat of an automobile which was involved in a rear-end collision, and he commenced this action seeking to recover damages for injuries to his back, shoulder, and neck.

Under the circumstances of this case, the plaintiff correctly contends that the jury's award of only $25,000 for past pain and suffering deviated materially from what would be reasonable compensation (see *Shifrel v Singh*, 61 AD3d 401, 402 [2009]; *McAdams v Esposito*, 35 AD3d 552 [2006]; *Miller v Tacopina*, 34 AD3d 254, 255 [2006]). Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of damages as to past pain and suffering and for a new trial with respect to those damages.

Contrary to the plaintiff's contention, however, the award of the equivalent of 60,000 Canadian dollars for past lost wages and $0 for future pain and suffering and future lost wages was not contrary to the weight of the evidence (see *Nicastro v Park*, 113 AD2d 129, 134 [1985]). Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were to set aside the verdict on the issue of damages as to past lost wages, future pain and suffering, and future lost wages, and for a new trial with respect to those damages.

The plaintiff's remaining contentions are without merit. Mastro, J.P., Hall, Lott and Cohen, JJ., concur.