Order, Supreme Court, Bronx County (Laura G. Douglas, J.), entered October 1, 2013, which denied plaintiffs’ motion for a Frye hearing, unanimously affirmed, without costs.
The court did not improvidently exercise its discretion in denying plaintiffs’ request for a Frye hearing (Frye v United States, 293 F 1013 [DC Cir 1923]) to determine the admissibility of the anticipated testimony of Dr. McRae, a biomechanical engineer. The fact that Dr. McRae lacked medical training did not render him unqualified to render an opinion as an expert that the force of the subject motor vehicle accident could not have caused the injuries allegedly sustained (see e.g. Melo v Morm Mgt. Co., 93 AD3d 499, 499-500 [1st Dept 2012]). McRae’s stated education, background, experience, and areas of specialty, rendered him able him to testify as to the mechanics of injury (see Colarossi v C.R. Bard, Inc., 113 AD3d 407 [1st Dept 2014]).
Plaintiffs’ challenge to Dr. McRae’s qualifications and the fact *506 that his opinion conflicted with that of defendant’s orthopedic expert go to the weight and not the admissibility of his testimony (see Williams v Halpern, 25 AD3d 467, 468 [1st Dept 2006]). Plaintiffs’ challenge to the basis for Dr. McRae’s opinion addressed only portions of the evidence relied upon by him. Furthermore, the record shows that plaintiffs improperly attempted to put defendant to his proof by asserting, in the moving papers, that “defendant has not shown that the hearsay ‘studies’ Mr. McRae relies upon are reliable,” without identifying any of the studies referred to or explaining the basis for the belief that the studies were not reliable.
Concur — Acosta, J.P, Renwick, Feinman and Clark, JJ.