■ JESSICA IOVINO, Appellant, v LYNNE KAPLAN, Respondent. [44 NYS3d 498]—

In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Kings County (F. Rivera, J.), dated September 4, 2014, which denied her motion for additur with respect to the jury verdict awarding damages for past and future pain and suffering, or, in the alternative, pursuant to CPLR 4404 (a) to set aside the verdict and for a new trial on damages on the ground that the verdict was contrary to the weight of the evidence, and (2), on the ground of inadequacy, from a judgment of the same court dated April 27, 2015, which, upon the denial of her motion pursuant to CPLR 4401, made at the close of evidence, for judgment as a matter of law on the issue of serious injury, upon a jury verdict finding that she sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d), and upon the order dated September 4, 2014, is in her favor and against the defendant in the principal sum of only $25,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

At the trial on damages in this case, the plaintiff testified that on October 3, 2011, her left shoulder was injured when a vehicle driven by the defendant hit her. An orthopedic surgeon who performed arthroscopic surgery on the plaintiff's left shoulder testified that the plaintiff sustained a torn labrum as a result of the accident, which led to inflamed tissue impinging on her rotator cuff. He further testified that he measured the abduction and forward flexion of the plaintiff's left shoulder in December of 2013, and found that both ranges of motion were "in the 140 degree range" out of a normal 180 degrees.

The defendant submitted the testimony of a radiologist who reviewed an MRI film of the plaintiff's left shoulder taken approximately three weeks after the accident. She noted mild bursitis and that the plaintiff's labrum looked "totally normal." The defendant further submitted the testimony of an orthopedic

surgeon who reviewed the intraoperative photographs of the plaintiff's arthroscopic surgery, and concluded that the plaintiff's labrum did not require surgery. The defendant's expert orthopedic surgeon also examined the plaintiff and concluded that the plaintiff "had evidence of a resolved left shoulder strain."

At the close of evidence, the plaintiff moved pursuant to CPLR 4401 for judgment as a matter of law on the issue of serious injury. The Supreme Court denied the motion.

The jury found that the plaintiff did not sustain a serious injury under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d). The jury further found that the plaintiff did sustain a serious injury under the 90/180-day category of Insurance Law § 5102 (d), awarded the plaintiff $25,000 in damages for past pain and suffering, and awarded no damages for future pain and suffering.

The plaintiff moved to increase the amounts awarded for past and future pain and suffering, or, in the alternative, pursuant to CPLR 4404 (a) to set aside the jury verdict and for a new trial on damages on the ground that the verdict was contrary to the weight of the evidence. In the order appealed from, the Supreme Court denied the plaintiff's motion. Thereafter, the Supreme Court entered the judgment appealed from in favor of the plaintiff and against the defendant in the principal sum of $25,000.

Contrary to the plaintiff's contention, the Supreme Court properly denied her motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of serious injury, and properly denied that branch of her motion which was pursuant to CPLR 4404 (a) to set aside the jury verdict and for a new trial on damages on the ground that the verdict was contrary to the weight of the evidence. "A motion for judgment as a matter of law pursuant to CPLR 4401 or 4404 may be granted only when the trial court determines that, upon the evidence presented, there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury upon the evidence presented at trial, and no rational process by which the jury could find in favor of the nonmoving party" (*Tapia v Dattco, Inc.*, 32 AD3d 842, 844 [2006]; *see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *Jourbine v Ma Yuk Fu*, 67 AD3d 865, 866 [2009]). In considering such a motion, " 'the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be

considered in a light most favorable to the nonmovant' " (*Hand v Field*, 15 AD3d 542, 543 [2005], quoting *Szczerbiak v Pilat*, 90 NY2d at 556).

Moreover, a jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached its verdict on any fair interpretation of the evidence (*see Ferreira v Wyckoff Hgts. Med. Ctr.*, 81 AD3d 587, 588 [2011]; *see generally Lolik v Big V Supermarkets*, 86 NY2d 744 [1995]; *Nicastro v Park*, 113 AD2d 129 [1985]). "Where, as here, conflicting expert testimony is presented, the jury is entitled to accept one expert's opinion and reject that of another expert" (*Ferreira v Wyckoff Hgts. Med. Ctr.*, 81 AD3d at 588; *see French-man v Westchester Med. Ctr.*, 77 AD3d 618, 619 [2010]).

Here, upon the evidence presented, there was a valid line of reasoning and permissible inferences which could have led the jury to conclude that the plaintiff sustained only mild bursitis to her left shoulder as a result of the accident, and not a torn labrum requiring surgery. There was also a valid line of reasoning and permissible inferences which could have led the jury to conclude that the loss of range of motion in the plaintiff's left shoulder was insignificant within the meaning of the statute (*see Il Chung Lim v Chrabaszcz*, 95 AD3d 950, 951 [2012]; *see generally Perl v Meher*, 18 NY3d 208, 217-218 [2011]). Moreover, it was a fair interpretation of the evidence for the jury to credit the testimony of the defendant's experts over that of the plaintiff's expert.

The Supreme Court also properly denied that branch of the plaintiff's motion which was for additur with respect to the damages awarded for past and future pain and suffering. "The amount of damages to be awarded to a plaintiff for personal injuries is a question for the jury, and its determination will not be disturbed unless the award deviates materially from what would be reasonable compensation" (*Graves v New York City Tr. Auth.*, 81 AD3d 589, 589 [2011]; *see* CPLR 5501 [c]). "The reasonableness of compensation must be measured against relevant precedent of comparable cases" (*Kayes v Libe-rati*, 104 AD3d 739, 741 [2013] [internal quotation marks omit-ted]). Here, since the jury found that the plaintiff sustained a serious injury under only the 90/180-day category of Insurance Law § 5102 (d), the jury's award of $25,000 in damages for past pain and suffering and zero damages for future pain and suffering did not deviate materially from what would be reasonable compensation (*see Miller v Tacopina*, 34 AD3d 254, 255 [2006]).

Contrary to the plaintiff's contention, the Supreme Court

properly gave the jury a missing witness charge regarding a physician who had treated the plaintiff prior to the instant accident (see People v Keen, 94 NY2d 533, 539 [2000]; O'Brien v Barretta, 1 AD3d 330, 333 [2003]).

The plaintiff's contention that the damages verdict was inconsistent, raised in point III of her appellate brief, is unpreserved for appellate review, as she failed to raise this issue before the jury was discharged (see Moshiri v Batista, 54 AD3d 738 [2008]). Leventhal, J.P., Cohen, Miller and Connolly, JJ., concur.