Ashok Kapoor, Appellant,
against
Qasir Zahoor, Respondent.




Mallilo & Grossman, Esqs. (Francesco Pomara, Jr., Esq.), for appellant.
Cheven, Keely & Hatzis, Esqs. (William B. Stock, Esq.), for respondent.

Appeal from a judgment of the Civil Court of the City of New York, Queens County (Ulysses Bernard Leverett, J.), entered January 7, 2015. The judgment, entered upon a jury verdict in favor of defendant on the issue of liability, and upon the denials of plaintiff's motions pursuant to CPLR 4401 for a directed verdict and pursuant to CPLR 4404 (a) to set aside the jury verdict as against the weight of the evidence, dismissed the complaint.




ORDERED that the judgment is affirmed, without costs.
In this action to recover for personal injuries arising out of a motor vehicle accident, plaintiff moved, at the close of testimony in the liability portion of a jury trial, for a directed verdict (see CPLR 4401) on the ground that defendant had failed to rebut the prima facie showing of defendant's negligence in the rear-end collision. The Civil Court denied plaintiff's motion. Thereafter, the jury returned a verdict in favor of defendant, finding that defendant was not negligent. The Civil Court denied a subsequent oral motion by plaintiff to set aside the jury verdict as against the weight of the evidence (see CPLR 4404 [a]). A judgment was entered in favor of defendant on January 7, 2015 dismissing the complaint.
"A motion for judgment as a matter of law pursuant to CPLR 4401 . . . may be granted only when the trial court determines that, upon the evidence presented, there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury upon the evidence presented at trial, and no rational process by which the jury could find in favor of the nonmoving party" (Tapia v Dattco, Inc., 32 AD3d 842, 844 [2006]; see Iovino v Kaplan, 145 AD3d 974, 976 [2016]). Moreover, a jury verdict should not be set aside as against the weight of the evidence, pursuant to CPLR 4404 (a), unless the verdict could not have been reached on any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744 [1995]; Ferreira v Wykoff Hgts. Med. Ctr., 81 AD3d 587 [2011]).
"A rear-end collision with a stopped vehicle creates a prima facie case of liability with [*2]respect to the operator of the moving vehicle" (Drake v Drakoulis, 304 AD2d 522, 522 [2003]) and imposes a duty on the operator of the moving vehicle "to rebut the inference of negligence by providing a nonnegligent explanation for the collision" (Hauswirth v Transcare NY, Inc., 97 AD3d 792, 793 [2012]; see Drake, 304 AD2d at 522). "However, a driver of a motor vehicle has a duty . . . to not stop suddenly or slow down without proper signaling so as to avoid a [rear-end] collision" (Drake, 304 AD2d at 522-523). 
In the case at bar, it is undisputed that, at the time of the accident, plaintiff's and defendant's vehicles were both traveling eastbound on East 104th Street in Manhattan, approaching a tunnel at the intersection of East 104th Street and Park Avenue, and that both vehicles had stopped for a red light before the entrance to the tunnel. Plaintiff testified that, after the light on East 104th Street had turned green, he drove through the tunnel at a speed of not more than eight miles per hour toward an intersection with a second traffic light, which was also green. Plaintiff further testified that a third vehicle travelling northbound on Park Avenue ran the red light at the intersection of East 104th Street and Park Avenue, causing plaintiff to apply his brakes "hard." Defendant testified that, after the first light turned green and both cars moved forward, more than 10 feet separated the front of his vehicle from the back of plaintiff's vehicle (see Vehicle and Traffic Law § 1129 [a]), and that his vehicle traveled approximately five miles per hour through the tunnel. Defendant further testified that plaintiff's vehicle stopped suddenly with no warning or signal (see Vehicle and Traffic Law §§ 1163 [c]; 1164 [a]), and that "there were no brake lights on" plaintiff's vehicle. Plaintiff testified that he did not know if his brake lights were working on the day of the accident, and he admitted that, at the time of the collision, he had not attempted to make a hand signal to indicate that he was going to stop (see Vehicle and Traffic Law §§ 1163 [c]; 1164 [a]).
Viewing the facts in the light most favorable to defendant, we find that sufficient evidence was presented from which the jury could rationally conclude that defendant was not negligent in the happening of the accident (see Cohen v Hallmark Cards, 45 NY2d 493 [1978]; Mitchell v Yueh S. Wu, 38 AD3d 507 [2007]). Moreover, upon a review of the record, we find that the verdict was not against the weight of the evidence (see Mitchell, 38 AD3d at 507-508). Accordingly, the judgment is affirmed. 
ELLIOT, J.P., PESCE and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 21, 2017