Aspromonte v Judlau Contr., Inc. (2018 NY Slip Op 04288)





Aspromonte v Judlau Contr., Inc.


2018 NY Slip Op 04288


Decided on June 12, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2018

Richter, J.P., Webber, Kahn, Kern, Oing, JJ.


6846 155793/14

[*1]Frank Aspromonte, Plaintiff-Appellant,
v
Judlau Contracting, Inc., et al., Defendants-Respondents, Skanska USA Civil Inc., et al., Defendants.


Hach & Rose, LLP, New York (Robert F. Garnsey of counsel), for appellant.
Fabiani Cohen & Hall, LLP, New York (Kevin B. Pollak of counsel), for respondents.



Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered May 18, 2017, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment on the issue of liability on his Labor Law § 240(1) claim as against defendants Judlau Contracting, Inc. and the Metropolitan Transportation Authority, unanimously affirmed, without costs.
Plaintiff established entitlement to judgment as a matter of law through his testimony that a rail improperly wedged against a wall broke or gave way when he leaned on it while moving a broken light fixture out of the way, causing him to fall a considerable distance down a shaft. Plaintiff also submitted the testimony of his coworker, his foreman, and defendants' safety personnel regarding their observations shortly after the accident, which was consistent with plaintiff's account (see Alonzo v Safe Harbors of the Hudson Hous. Dev. Fund Co., Inc., 104 AD3d 446, 449-450 [1st Dept 2013]; Cassidy v Highrise Hoisting & Scaffolding, Inc., 89 AD3d 510, 510-511 [1st Dept 2011]).
In opposition, defendants raised a triable issue of fact as to whether the accident occurred in the manner described by plaintiff. Defendants submitted the expert affidavits of a neuroradiologist and a biomechanical engineer, who both opined that plaintiff's injuries are inconsistent with the alleged fall (see e.g. Vargas v Sabri, 115 AD3d 505 [1st Dept 2014]; Valentine v Grossman, 283 AD2d 571, 573 [2d Dept 2001]). Contrary to plaintiff's contention, the fact that the expert's conclusions contradict plaintiff's account and other evidence corroborating his account does not render the experts' conclusions speculative.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 12, 2018
CLERK