Shah v Rahman (2018 NY Slip Op 08342)





Shah v Rahman


2018 NY Slip Op 08342


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
SANDRA L. SGROI
ANGELA G. IANNACCI, JJ.


2016-04719
 (Index No. 15370/12)

[*1]Syed A. Shah, appellant, 
v
Mo M. Rahman, et al., respondents.


Grover & Fensterstock, P.C., New York, NY (Simon B. Landsberg of counsel), for appellant.
Russo & Toner, LLP, New York, NY (Cecil E. Floyd and Josh H. Kardisch of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Mark I. Partnow, J.), dated March 18, 2016. The judgment, upon a jury verdict finding that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident, is in favor of the defendants and against the plaintiff dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
The plaintiff commenced this action against the defendants to recover damages for personal injuries he allegedly sustained when the vehicle he was driving was struck by a vehicle owned by the defendant Viacheslav Abrashkin and driven by the defendant Mo M. Rahman. Subsequently, the plaintiff was awarded summary judgment on the issue of liability. At a trial on the issue of damages, the plaintiff moved to preclude the defendants' expert, a biomechanical engineer, from testifying or, in the alternative, for a hearing on the admissibility of that expert's testimony pursuant to Frye v United States (293 F 1013 [DC Cir]). The plaintiff argued, in effect, that the expert's testimony was not based on generally accepted principles and methodologies, and that there was not a proper foundation for the admission of the expert's opinion. During oral argument, the defense attorney represented that the Supreme Court Justice recently presided over a trial where the same expert was permitted to testify regarding biomechanics and causation. The Supreme Court permitted the expert's testimony without first holding a hearing to determine its admissibility.
The expert gave trial testimony to the effect that the collision could not have caused the plaintiff's alleged injuries. The jury returned a verdict in favor of the defendants, and the Supreme Court issued a judgment in favor of the defendants and against the plaintiff dismissing the complaint. The plaintiff appeals from the judgment, arguing that the court erred in not precluding the expert's testimony or, in the alternative, in not holding a pretrial Frye hearing.
"The long-recognized rule of Frye v United States . . . is that expert testimony based on scientific principles or procedures is admissible but only after a principle or procedure has gained [*2]general acceptance in its specified field" (Lipschitz v Stein, 65 AD3d 573, 575 [internal quotation marks omitted]; see Cornell v 360 W. 51st St. Realty, LLC, 22 NY3d 762, 780; Parker v Mobil Oil Corp., 7 NY3d 434, 447; People v Wesley, 83 NY2d 417, 422; Ratner v McNeil-PPC, Inc., 91 AD3d 63, 71-72). "General acceptance can be demonstrated through scientific or legal writings, judicial opinions, or expert opinions other than that of the proffered expert" (Dovberg v Laubach, 154 AD3d 810, 813; see Parker v Mobil Oil Corp., 16 AD3d 648, 650, affd 7 NY3d 434). Further, even if the proffered expert opinion is based upon accepted methods, it must satisfy "the admissibility question applied to all evidence—whether there is a proper foundation—to determine whether the accepted methods were appropriately employed in a particular case" (Parker v Mobil Oil Corp., 7 NY3d at 447; see Ratner v McNeil-PPC, Inc., 91 AD3d at 72-73).
In this case, we agree with the Supreme Court's determination to permit the expert's testimony without first holding a hearing to determine its admissibility (see Vargas v Sabri, 115 AD3d 505; see also Plate v Palisade Film Delivery Corp., 39 AD3d 835, 837; Cardin v Christie, 283 AD2d 978, 979). "A court need not hold a Frye hearing where[, as in the case at bar,] it can rely upon previous rulings in other court proceedings as an aid in determining the admissibility of the proffered testimony" (People v LeGrand, 8 NY3d 449, 458; compare e.g. Vargas v Sabri, 115 AD3d at 505-506, and Gonzalez v Palen, 48 Misc 3d 135[A], with Singh v Siddique, 52 Misc 3d 1204[A]). Moreover, in this particular case, there was a proper foundation for the admission of the expert's opinion.
We note that the plaintiff does not contend that the verdict was contrary to the weight of the evidence.
MASTRO, J.P., LEVENTHAL, SGROI and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court