Stephens v Tri-State Ins. Co. (2020 NY Slip Op 51427(U))

[*1]

Stephens v Tri-State Ins. Co.

2020 NY Slip Op 51427(U) [69 Misc 3d 147(A)]

Decided on November 20, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 20, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., BERNICE D. SIEGAL, WAVNY
TOUSSAINT, JJ

2018-812 Q C

Karen M. Stephens, Respondent, 
against
Tri-State Insurance Company, Appellant. 

Thomas Torto, for appellant.
Karen M. Stephens, respondent pro se.

Appeal from an amended judgment of the Civil Court of the City of New York, Queens
County (Larry Love, J.), entered February 23, 2018. The amended judgment, upon a jury verdict,
awarded plaintiff the total sum of $8,978.99. The appeal from the amended judgment brings up
for review oral orders of that court denying defendant's motions for judgment as a matter of law,
pursuant to CPLR 4401, and to set aside the verdict, pursuant to CPLR 4404, respectively.

ORDERED that the amended judgment is affirmed, without costs.
Plaintiff commenced this action to recover the sum of $9,831.04 against defendant, which
had issued plaintiff a renter's insurance policy. Plaintiff alleged that defendant had wrongfully
failed to pay a claim submitted by plaintiff pursuant to a provision in her policy which covers
personal property owned or used by an insured anywhere in the world and insures against theft,
which, as defined in the policy, includes an attempted theft and loss of property from a known
location when it is likely that the property has been stolen.
At a jury trial, it was established that, after having taken a flight on American Airlines from
Las Vegas to JFK, plaintiff went to the baggage carousel to claim a checked bag, but her bag was
not there. American Airlines ultimately concluded that it did not know what happened to
plaintiff's luggage. Plaintiff then filed a claim with defendant under the theft coverage of her
renter's insurance policy. Defendant denied the claim on the ground, among others, that the loss
was considered a mysterious disappearance and not a theft of personal property, and was thus not
covered.
At the close of the evidence at trial, defendant moved for judgment as a matter of law,
pursuant to CPLR 4401, which was denied. The jury then returned a unanimous verdict in favor
of plaintiff in the principal sum of $6,440. Immediately following the jury's verdict, defendant
[*2]orally moved, pursuant to CPLR 4404, to set aside the verdict
as against the weight of the evidence, which motion was also denied. An amended judgment was
entered on February 23, 2018 awarding plaintiff the total sum of $8,978.99. Defendant
appeals.
"A motion for judgment as a matter of law pursuant to CPLR 4401 . . . may be granted only
when the trial court determines that, upon the evidence presented, there is no . . . rational process
by which the jury could find in favor of the nonmoving party" (Tapia v Dattco, Inc., 32
AD3d 842, 844 [2006]; see Iovino v Kaplan, 145 AD3d 974 [2016]). Moreover, a jury
verdict should not be set aside as against the weight of the evidence, pursuant to CPLR 4404 (a),
unless the verdict could not have been reached on any fair interpretation of the evidence (see
Lolik v Big V Supermarkets, 86 NY2d 744 [1995]; Ferreira v Wyckoff Hgts. Med.
Ctr., 81 AD3d 587 [2011]).
At the trial, plaintiff testified that her tagged luggage had been checked in at McCarran
Airport in Las Vegas, that she had been told by American Airlines that her luggage had arrived at
JFK, and that American Airlines had repeatedly searched the JFK baggage area but that her
luggage had not been located. The evidence further included a police report of the missing
luggage and testimony from a police detective that the JFK baggage area is an unsecured area
with access to members of the general public, who can come and go at will. We find that the
evidence was sufficient for a jury to rationally conclude that plaintiff's claim was covered under
the theft provision of the insurance policy (see Cohen v Hallmark Cards, 45 NY2d 493
[1978]; Mitchell v Yueh S. Wu, 38 AD3d 507 [2007]; Manopla v Travelers Ins.
Co., 139 Misc 2d 30 [Civ Ct, NY County 1988]).
We further find that the damages awarded by the jury were warranted by the facts.
Accordingly, the amended judgment is affirmed.
ALIOTTA, P.J., SIEGAL and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 20, 2020