Space Flooring & Cabinets, Inc. v Vale (2020 NY Slip Op 51432(U))

[*1]

Space Flooring & Cabinets, Inc. v Vale

2020 NY Slip Op 51432(U) [69 Misc 3d 147(A)]

Decided on November 20, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 20, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2019-933 Q C

Space Flooring & Cabinets, Inc.,
Appellant, 
against
Angela Colletti Vale, Respondent. 

Space Flooring & Cabinets, Inc., appellant pro se.
Angela Colletti Vale, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Queens County (David
M. Hawkins, J.), entered January 9, 2019. The judgment, after a nonjury trial, dismissed
plaintiff's cause of action and awarded defendant the principal sum of $5,000 on her
counterclaim.

ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this commercial claims action to recover the principal sum of
$3,280.78, alleging that defendant had failed to pay plaintiff, pursuant to a written contract, for
the installation of custom kitchen cabinets. Defendant counterclaimed to recover $5,000 for the
cost of correcting the allegedly improper installation of the cabinets. After a nonjury trial, the
court determined that the cabinets had not been installed properly, dismissed plaintiff's cause of
action and awarded defendant the principal sum of $5,000 on her counterclaim.
Appellate review of a commercial claims judgment is limited to determining whether
"substantial justice has . . . been done between the parties according to the rules and principles of
substantive law" (CCA 1807-A [a]; see CCA 1804-A; Ross v Friedman, 269
AD2d 584, 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]). The
determination of a trial court as to issues of credibility is given substantial deference, as the trial
court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords
it a better perspective from which to assess their credibility (see Vizzari v State of New
York, 184 AD2d 564, 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]).
This deference to a trial court's credibility determinations applies with even greater force to
judgments rendered in the Commercial Claims Part of the court, given the limited standard of
review (see Williams v Roper, 269 AD2d at 126).
Upon a review of the record, we find that defendant established that plaintiff had [*2]improperly installed the custom kitchen cabinets. Consequently, the
court properly dismissed plaintiff's cause of action and determined that defendant was entitled to
recover on her counterclaim. As plaintiff does not contest the amount awarded to defendant on
her counterclaim, we find no basis to disturb the judgment, which provided the parties with
substantial justice (see CCA 1804-A, 1807-A [a]).
Accordingly, the judgment is affirmed.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 20, 2020