Air Plus Surgical Supply, Inc. v Country Wide Ins. Co. (2020 NY Slip Op
51429(U))

[*1]

Air Plus Surgical Supply, Inc. v Country Wide Ins. Co.

2020 NY Slip Op 51429(U) [69 Misc 3d 147(A)]

Decided on November 20, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 20, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2019-208 Q C

Air Plus Surgical Supply, Inc., as Assignee
of Chi Le, Appellant, 
against
Country Wide Insurance Company, Respondent.

Glinkenhouse, Floumanhaft & Queen (Alan Queen of counsel), for appellant.
Jaffe & Velazquez, LLP (Jean H. Kang of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (David M.
Hawkins, J.), entered August 1, 2018. The order denied plaintiff's motion to recalculate, from a
simple rate to a compound rate, an award of statutory no-fault interest in a judgment of that court
entered April 17, 2017 and, sua sponte, vacated the April 17, 2017 judgment.

ORDERED that so much of the appeal as is from the portion of the order as sua sponte
vacated the April 17, 2017 judgment is dismissed; and it is further,
ORDERED that so much of the appeal as is from the portion of the order as denied plaintiff's
motion to recalculate, from a simple rate to a compound rate, an award of statutory no-fault
interest in a judgment of that court entered April 17, 2017 is dismissed as moot.
This action by a provider to recover assigned first-party no-fault benefits for a claim for
services rendered in 1999 was settled in 2008. Defendant did not pay the settlement amount, and
a judgment was entered on April 17, 2017 (see CPLR 5003-a) awarding statutory no-fault
interest at a simple rate (see 11 NYCRR 65-3.9 [a], effective April 5, 2002). Plaintiff
moved, pursuant to CPLR 5019 (a), to have the interest recalculated at a compound rate
(see former 11 NYCRR 65.15 [h] [1]). By order entered August 1, 2018, the Civil Court
denied plaintiff's motion and, sua sponte, vacated the April 17, 2017 judgment, finding that,
because of plaintiff's "delay" in entering judgment, plaintiff was not entitled to any prejudgment
statutory no-fault interest (but see
Seaside Rehabilitation v Allstate Ins. Co., 63 Misc 3d 162[A], 2019 NY Slip Op
50918[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]).
The portion of the order which vacated the April 17, 2017 judgment did not address a
demand for relief made on notice and was, therefore, sua sponte. Thus, that portion of the order is
not appealable as of right (see CCA 1702 [a] [2]; Sholes v Meagher, 100 NY2d
333 [2003]; [*2]Active Care Med. Supply Corp. v Delos Ins. Co., 55 Misc 3d
144[A], 2017 NY Slip Op 50650[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2017]), and we decline to grant leave to appeal. Plaintiff "could properly have moved to vacate
the order and appealed as of right" to this court in the event that the motion was denied
(Sholes, 100 NY2d at 335; see Active Care Med. Supply Corp., 55 Misc 3d
144[A], 2017 NY Slip Op 50650[U]; see also CCA 1702 [a] [3]), but the record before us
does not indicate that plaintiff has made such a motion.
Since the April 17, 2017 judgment has been vacated, plaintiff's motion to recalculate, from a
simple rate to a compound rate, an award of statutory no-fault interest in that judgment is moot.
We note, however, that claims submitted before April 5, 2002 are governed by the former
regulations providing for compound interest (see Belt Parkway Imaging, P.C. v State Wide Ins. Co., 30 Misc 3d
127[A], 2010 NY Slip Op 52229[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2010]).
Accordingly, the appeal is dismissed.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 20, 2020