Young v Heller (2022 NY Slip Op 00467)





Young v Heller


2022 NY Slip Op 00467


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
BETSY BARROS
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2018-02232 
2019-00490
 (Index No. 4793/11)

[*1]Kendrick Young, etc., respondent, 
v
Kimberly Heller, etc., et al., appellants, et al., defendant.


Feldman, Kleidman, Coffey & Sappe, LLP, Fishkill, NY (Richard J. Nealon and Donald Scialabba of counsel), for appellants.
Zaremba Brown, PLLC (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian M. Brown and Brian J. Isaac], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for medical malpractice, the defendants Kimberly Heller and Donna Kasello appeal from (1) an order of the Supreme Court, Dutchess County (James V. Brands, J.), dated December 12, 2017, and (2) a judgment of the same court entered December 26, 2018. The order, insofar as appealed from, denied the motion of the defendants Kimberly Heller and Donna Kasello pursuant to CPLR 4404(a) to set aside a jury verdict and for judgment as a matter of law or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial or, in the alternative, to set aside, as inconsistent, the verdict on the issue of damages and for a new trial on the issue of damages. The judgment, upon the jury verdict and the order, is in favor of the plaintiff and against defendants Kimberly Heller and Donna Kasello awarding damages.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
On June 1, 2010, Vashti Daisley, in the late stages of pregnancy, arrived at Vassar Brothers Medical Center with complaints of decreased fetal movement and after undergoing testing, she was discharged. However, on June 2, 2010, the following day, Daisely underwent an emergency cesarean section. This is a medical malpractice action in which Daisley, on behalf of her infant son, the plaintiff, alleges that the defendants Kimberly Heller and Donna Kasello (hereinafter together the defendants) rendered negligent medical care on June 1, 2010. After trial, the jury returned a verdict in favor of the plaintiff. The Supreme Court subsequently denied the defendants' motion pursuant to CPLR 4404(a), inter alia, to set aside the verdict and for a new trial. The defendants [*2]appeal.
There was a valid line of reasoning and permissible inferences by which the jury, on the basis of the evidence presented at trial, could have rationally reached the verdict on the issue of Kasello's liability, finding that she was not negligent in failing to perform an emergency delivery of the plaintiff on June 1, 2010, but that she was negligent in discharging the plaintiff's mother and failing to admit her to the hospital for future monitoring and for a potential delivery on June 1, 2010, and that her medical malpractice was a substantial factor in causing the plaintiff's injuries. Moreover, the jury's findings on the issue of Kasello's liability were based upon a fair interpretation of the evidence and, thus, were not contrary to the weight of the evidence (see Raineri v Lalani, 191 AD3d 814).
The defendants' contention that the jury award as to future damages was inconsistent is unpreserved for appellate review since it was not raised before the jury was discharged (see McAdams v Esposito, 35 AD3d 552).
The admission into evidence of a textbook for the truth of what was contained therein constituted error (see Rosario v New York City Health & Hosps. Corp., 87 AD2d 211). However, under the particular circumstances of this case, the error was harmless (see CPLR 2002; Rush v Save My Home Corp., 145 AD3d 930, 932; Nicolla v Fasulo, 161 AD2d 966).
The defendants' remaining contentions are without merit.
DUFFY, J.P., BARROS, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court