Sagy v Senft (2024 NY Slip Op 50808(U))

[*1]

Sagy v Senft

2024 NY Slip Op 50808(U)

Decided on June 21, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 21, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : CHEREÉ A. BUGGS, J.P., LISA S. OTTLEY, PHILLIP HOM, JJ

2022-948 Q C

Igal Sagy, Appellant-Respondent,
against
Yitzchak Senft and Aryeh Senft, Respondents-Appellants. 

Lawrence B. Goodman, for appellant-respondent (brief filed).
Rivkin Radler, LLP (Merril S. Biscone of counsel), for respondents-appellants (brief filed).

Appeal and cross-appeal from an order of the Civil Court of the City of New York, Queens County (Patria Frias-Colón, J.), dated September 19, 2022. The order, insofar as appealed from by plaintiff, granted the branch of defendants' motion seeking to set aside a jury verdict as excessive and for a new trial to the extent of ordering a new trial on damages unless plaintiff stipulated to reduce the award for past pain and suffering from the sum of $400,000 to the sum of $140,000, and the award for future pain and suffering from the sum of $800,000 to the sum of $280,000. The order, insofar as cross-appealed from by defendants and as limited by the brief, denied the branch of defendants' motion seeking to set aside the jury verdict and for judgment as a matter of law dismissing the complaint.

ORDERED that the order, insofar as appealed from, is affirmed, without costs.
Plaintiff commenced this action in Supreme Court, Queens County, to recover for personal injuries he sustained after his parked car was hit from behind by defendants' vehicle. The case was transferred to the Civil Court, Queens County, pursuant to CPLR 325 (d), where a jury found defendants liable for the accident. After a separate trial on damages, the jury returned a verdict in favor of plaintiff in the sum of $400,000 for past pain and suffering, and $800,000 for future pain and suffering. Defendants made a posttrial motion (1) to set aside the damages verdict and for judgment as a matter of law dismissing the complaint on the ground that plaintiff failed to establish, prima facie, that plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) or, in the alternative, (2) to set aside the damages verdict and for a new trial on the ground that the finding that plaintiff sustained such serious injury was against the weight of the evidence, or, in the alternative, (3) to set aside the damages verdict and for a new trial on the ground that the damages awards were excessive. 
By order entered September 19, 2022, the Civil Court (Patria Frias-Colón, J.) denied the first two branches of defendants' motion and granted the third branch of the motion to the extent [*2]of ordering a new trial unless, within a specified time period, plaintiff served and filed a written stipulation consenting to reduce the award for past pain and suffering from the sum of $400,000 to the sum of $140,000, and the award for future pain and suffering from the sum of $800,000 to the sum of $280,000. Plaintiff appeals from so much of the order as granted the third branch of defendants' motion to the extent of ordering a new trial unless plaintiff consented to the court's reductions. Defendants cross-appeal, as limited by their brief, from so much of the order as denied the first branch of their motion. 
A CPLR 4404 motion for judgment as a matter of law may be granted only when the trial court determines that, upon the evidence presented, there is no rational process by which the jury could find in favor of the nonmoving party (see Iovino v Kaplan, 145 AD3d 974 [2016]; Hamilton v Rouse, 46 AD3d 514 [2007]; see also Szczerbiak v Pilat, 90 NY2d 553 [1997]). In considering such a motion, "the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (Szczerbiak v Pilat, 90 NY2d at 556).
Viewing the facts in the light most favorable to the plaintiff, it cannot be said that there is no rational process by which the jury could find that plaintiff suffered a "significant limitation" or a "permanent consequential limitation" within the meaning of Insurance Law § 5102 (d). Plaintiff's expert witness testified that, using a goniometer, he measured plaintiff's range of motion in his cervical and lumbar spines, compared the results to what would be considered normal, and found that plaintiff has limitations which significantly affect the activities of his daily living. The expert witness also offered testimony with respect to the necessity of future surgery on plaintiff's left knee as a result of a meniscus tear that was caused by the accident.
However, we agree with the Civil Court's reduction of the award for past pain and suffering from the sum of $400,000 to the sum of $140,000, and the award for future pain and suffering from the sum of $800,000 to the sum of $280,000, as the jury's award for past and future pain and suffering deviated materially from what would be reasonable compensation (see CPLR 5501 [c]).
Accordingly, the order, insofar as appealed from, is affirmed.
BUGGS, J.P., OTTLEY and HOM, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 21, 2024