Drapper v Horan (2025 NY Slip Op 01166)

Drapper v Horan

2025 NY Slip Op 01166

Decided on February 27, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 27, 2025

Before: Manzanet-Daniels, J.P., Kennedy, González, Rosado, Michael, JJ. 

Index No. 20500/14|Appeal No. 3787|Case No. 2023-00266|

[*1]Dwight Drapper, Plaintiff-Appellant,
v
Andrew John Horan et al., Defendants-Respondents.

Ogen & Sedaghati, PC, New York (Eitan A. Ogen of counsel), for appellant.
Lewis Johs Avallone Aviles, LLP, New York (David L. Metzger of counsel), for respondents.

Amended judgment, Supreme Court, Bronx County (Andrew J. Cohen, J.), entered November 15, 2022, which, upon a jury verdict finding that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d), dismissed the complaint, and bringing up for review trial rulings denying plaintiff's motion in limine to preclude defendants' biomechanical engineering expert from testifying and granting defendants' application to limit the testimony of plaintiff's treating physician, unanimously affirmed, without costs.
The trial court appropriately limited the testimony of Dr. Kenneth McCulloch, plaintiff's treating orthopedic surgeon. Dr. McCulloch was permitted to testify about his own observations during surgery and matters in his reports and records that were disclosed to defendants, but precluded from testifying concerning the MRI films of plaintiff's shoulder taken after a prior 2008 accident, which Dr. McCulloch did not review until the time of trial. Dr. McCulloch's records did not refer to the 2008 MRI or give any indication that he relied on it in providing treatment to plaintiff. Therefore, defendants had no notice, either through discovery or CPLR 3101(d) disclosure, that Dr. McCulloch would give testimony relating to the 2008 MRI (see Gjeka v Iron Horse Transp., Inc., 191 AD3d 526, 528 [1st Dept 2021]; Padilla v Freelund, 7 AD3d 258, 259 [1st Dept 2004]).
The court also properly permitted defendants' biomechanical engineering expert, Dr. Calum McRae, to offer an opinion, as to whether the accident could have created the mechanisms required for plaintiff's injuries. Dr. McRae averred that he reviewed technical specifications and crash data for both vehicles involved in the accident and cited to peer-reviewed articles and learned treatises in support of his analysis. The accepted techniques in biomechanical engineering, when properly performed, generate results accepted as reliable within the scientific community (see Shifrel v Singh, 61 AD3d 401, 402 [1st Dept 2009]; Marso v Novak, 42 AD3d 377, 378-379 [1st Dept 2007], lv denied 12 NY3d 704 [2009]; Valentine v Grossman, 283 AD2d 571, 572-573 [2d Dept 2001]). That "Dr. McRae lacked medical training did not render him unqualified to render an opinion as an expert that the force of the subject motor vehicle accident could not have caused the injuries allegedly sustained" (Vargas v Sabri, 115 AD3d 505, 505 [1st Dept 2014]).
We reject plaintiff's contention that defense counsel exceeded the bounds of fair commentary on summation. Although plaintiff made objections, he did not preserve his objection by moving for a mistrial based on the summation (see Smith v Rudolph, 151 AD3d 58, 62 [1st Dept 2017]). Nor did plaintiff move to set aside the verdict on that basis in the interest of justice in accordance with CPLR 4404(a). The trial court sustained plaintiff's objections to parts of the summation, and plaintiff did not seek further curative instructions (see Panzarino v Jeffrey A[*2]. Weisberg, M.D., P.C., 257 AD2d 483, 484 [1st Dept 1999], appeal dismissed 93 NY2d 998 [1999]). We also decline to review the matter in the interest of justice, as the statements in summation were not "so prejudicial as to have caused a gross injustice and so pervasive, prejudicial, or inflammatory as to deprive a party of a fair trial" (De La Rosa v Nelson Ave. Holdings, 199 AD3d 513, 515 [1st Dept 2021] [internal quotations omitted]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 27, 2025